URBEN LAURISSINI *vs.* DOE, ex. dem. CORQUETTE.

The rule is well settled, that the lessor of the plaintiff, in an action of ejectment, must have the legal title at the time of the demise laid, and at the time of action brought.

The doctrine of relation has never been extended by the courts farther than, that a legal title when acquired shall relate back to the period when the right accrued to the property, so as to defeat subsequent claimants or incumbrancers holding adverse to the right.

Still, in fact, the legal title exists only from the date of its acquisition, and cannot be given in evidence to sustain an action of ejectment brought before it was acquired.

In error from the circuit court of Harrison county; Hon. W. P. Harris, judge.

This was an action of ejectment commenced in circuit court of Harrison county, on the 26th day of August, 1843, and the demise is laid on the 12th of June, 1843. The lessor of the plaintiff, to show title, introduced a patent certificate and letters patent, dated December 13, 1844, to the reading of which the defendant's counsel objected, which objection was overruled, and defendant below prayed the writ of error.

*D. Mayes*, for appellant.

The lessor of the plaintiff must have a legal title, such as will enable him to make a valid lease, at the time of the demise laid, and at the time of action brought. Adams on Eject. 32; 1 Saunders on Pl. & Ev. 455; Buller, N. P. 105; Sellons, Prac. 93; 2 Starkie's Ev. part 1, (ed. 1842,) p. 404; 1 Chitty, Pl. 190, (ed. 1840); Wheat. Sel. 696; *Baylor* ·v. *Neff*, 3 McLean, 302; *Redman* v. *Sanders*, 2 Dana, 68; *Crawford* v. *Green*, 1. Harrington, 464; *Jones et al.* v. *Inge et al.*, 5 Port. 330; *Fipps* v. *McGehee*, 5 Port. 413; *Boyd* v. *Blakeley*, 4 Dana, 227; *Carroll* v. *Norwood*, 5 Harr. & Johns. 155; *Siglar* v. *Van Riper*, 10 Wend. 414; *Anderson* v. *Turner*, 3 A. K. Marsh. 131; *Marshall* v. *Dupey*, 4 J. J. Marsh. 388; *Wilson* v. *Inloes*, 11 Gill & Johns. 351; *Tryon* v. *Tryon*, 16 Verm. 313; *McCulloch* v. *Cowher*, 5 Watts & Serg. 427. The circuit judge should have ruled out the deed and patent certificate, and then the case was at an end.

I cannot conceive of the utility of going further with the discussion; but as it has been carried further, I will proceed to the second point.

Could the patent certificate and patent prove title before they issued? That the recitals in a deed are only evidence between parties and privies, is too obvious on principle and too well settled by authority to admit of question. See cases 5 Porter, before referred to. As the patent certificate and patent neither of themselves then, or by the effect of their recitals, could prove any thing in this cause, they should have been ruled out.

But if they by their recitals showed a previous right of entry, the statute would run from the time of such right of entry, and we should have been permitted to defend under it.

But the patent is a mere quitclaim; it neither confers title nor recognizes title, but is only a renunciation of title by the United States.

The act of Congress of 3d of March, 1819, (3 U. S. Statutes at Large, 530,) invests no title, but expressly provides that it shall only amount to a relinquishment forever, on the part of the United States, of any claim to the land confirmed or granted.

On the subject of recitals, see 4 Phillips's Ev. 453, note 251.

*John Henderson,* for appellee.

The title is shown, on the face of these papers, to originate, 1st. Under the 8th section of the act of Congress of 1812, (Hutch. Code, 579,) directing an inquiry and report by commissioners of actual settlers on land east of Pearl River, who had no written evidence of title; and 2dly. The report made by this commission, which included the section of land of which part is in controversy herein; and this report, confirmed by the 3d section of the act of Congress, 3d March, 1819, (Hutch. Code, 581,) makes donation to each settler, and to the lessor's father in this case, of 640 acres of land.

It is obvious that these evidences of title had legal existence in legal contemplation, when the officers of government should have issued them. This, it is seen, might have been done in due order and despatch after the survey in 1824.

They were but official, ministerial acts, and not dependent on any further contract, consideration, or duty, on the part of the donee. And though these documents were necessary to supply the legal title, the legal right to such title attached, under the confirmatory act of donation in 1819.

Titles thus emanating take constructive date, by relation, from the period of the legal right of entry, and so decided in this State on similar titles. *Wenn* v. *Cole's Heirs,* Walk. R. 121, 125, 126; *Hackler's Heirs* v. *Cobb,* Walk. R. 94, 97. Same rule of decision on titles in this State by United States court. 1 Pet. R. 655; Cushman, R. 42, 85, 86; *Little* v. *Bledsoe,*

4 How. 26, 185; 11 Pet. 211; 2 How. 316, 317; 10 Ib. 372, 373, 374; 13 Pet. 450, 451, 456, 516, 517.

This rule or doctrine of relation back applies also to sheriff's deeds, which relate back to the sale, and are construed a legal title, as from that date. 9 S. & M. 392; 15 Johns. R. 309; 11 Ohio R. 235.

The rule is clear and well acknowledged. It is a rule of construction similar to that affecting legal process, in regard to its title, as contrasted with its date of issuance. It is a constructive antedate; a title, *nunc pro tunc;* a legal title, by construction, from the time it should have existed, as legal evidence of title. We admit the plaintiff must have had cause and right of action when suit was instituted; but the evidence was in time, if ready at the trial.

Mr. Justice YERGER delivered the opinion of the court.

The declaration in ejectment in this case was filed on the 25th day of August, 1843, and the demise is laid on the 12th day of June, 1843.

On the trial, the lessor of the plaintiff offered in evidence a patent from the United States, bearing date the 13th December, 1844, and a patent certificate bearing date the 16th November, 1844. These were objected to, as inadmissible as evidence of title under the demise laid in the declaration; but the objection was overruled and a bill of exceptions taken to the judgment of the court. The whole case turns upon the correctness of that decision.

No rule is more universally recognized than the one insisted upon by the counsel for the plaintiff in error, to wit: that the lessor of the plaintiff, in an action of ejectment, must have legal title at the time of the demise laid, and at the time of action brought, to enable him to maintain the action. Adams on Eject. 32.

This position, as a general rule, is not denied by the counsel for the defendant in error, who admits, that at the time this action was brought the lessor of the plaintiff did not have the legal title, but only an equitable title, on which the action could not be maintained; but he insists, that by virtue of the patent

certificate dated 16th November, 1844, and the patent of the 13th December, 1844, he acquired the legal title which by relation will be extended back to the date of the survey on 12th June, 1824, and thus enable him to maintain the action brought while the legal title was still outstanding in the United States.

We have been at some pains to examine this doctrine of relation thus insisted upon by counsel, but do not find that the adjudged cases have ever been carried to the extent claimed in this case.

In looking at the various cases cited by the counsel for defendant in error, in which this doctrine of relation has been applied, it will be seen that the plaintiff in ejectment, claiming the benefit of the rule, had at the commencement of his action a legal title to the premises in controversy. That title, it is true, might have been younger in date than the title opposed to him; but the court held, that in a controversy between two parties, each claiming under a patent deed or other instrument conveying the legal title, they "would examine the successive stages of the title from its incipient state, until its final consummation by grant, and if found regular and according to law in these progressive stages, the grant should relate back to the inception of the right, and have dignity accordingly." 1 Pet. 664.

And in those States where this rule has been established, it is acknowledged to be a departure from the common law, by the rules of which courts of law in trials pending in them could not look beyond or behind the patent, grant, or deed, and examine the progressive stages of title antecedent thereto. 1 Pet. R. 664.

But in all the cases in which this rule has been established, the contest was between two legal titles, and where the plaintiff in ejectment had a legal title at the commencement of the suit.

The case of *Ross* v. *Barland*, 1 Pet. R. 655, was a contest between patentees, each party claiming under a legal assurance of title at the commencement of the suit.

So in the case of *Jackson* v. *Dickenson*, 15 Johns. R. 309, the question was not whether a deed, made after action brought, would authorize a party to maintain the action, but whether a sheriff's deed would relate back to the day of sale, so as to

overreach a mortgage executed between the day of sale and the date of the deed.

The question in *Kane* v. *Mackin*, 9 S. & M. 387, was of a similar character.

The point decided in *Poole* v. *Fleeger*, 11 Pet. 185, was, that a will registered in Tennessee after the suit brought, might be read in evidence on the trial, as the registration would relate back to the commencement of the suit and the death of the party. But in that case the will itself conveyed the legal title to the parties. The probate and registration were merely evidence of the existence of the will, and did not pass the title.

We do not deem it necessary to review all the cases referred to by the counsel for the defendant in error. It is sufficient to remark, that in no case which has ever fallen under our observation has it ever been held, that a party, who commences an action of ejectment, having in him at the time only an equitable title, could maintain that action by afterwards acquiring the legal title, upon the ground, that the legal title so obtained existed by relation before the commencement of the suit. As we can find no precedent for such a rule, we are unwilling to establish so wide a departure from the established doctrine of the common law in actions of ejectment. The courts have never extended the doctrine of relation further than to hold, that a legal title when acquired shall relate back to the period when the right accrued to the property, so as to defeat subsequent claimants or incumbrancers holding adverse to the right. But still, in law and in fact, the legal title exists only from the date of its acquisition, and cannot be given in evidence to sustain an action of ejectment brought before it was acquired. If the demise in this case had been laid and the action of ejectment brought after the issuance of the patent, then the lessor of the plaintiff might have contended, that although his patent only issued in December, 1844, yet his right accrued on the 12th of June, 1824, when the land was surveyed, or at the date of the act of Congress in 1819, under which he claims the land in controversy.

Let the judgment be reversed, and cause remanded.