## Case No. 10,096.

### The NELLIE.

[2 Lowell, 494.] [1]

District Court, D. Massachusetts. Oct. 1876.

COLLISION — DAMAGES RESULTING FROM SUBSEQUENT NECESSARY ACTS OF MASTER — VALUE OF BOAT STOLEN.

1. If the master of a vessel injured by collision through the fault of the other party conducts himself with reasonable skill and diligence after the collision, the damages occurring from a necessary act, such as beaching his ship, will be chargeable to the wrong-doer. Such damages were allowed, though the master was informed that a better place for beaching his vessel was to be found.

[Cited in Cornwall v. New York, 38 Fed. 711.]

2. The value of a boat stolen from the master of the injured vessel was disallowed, there being no necessary or probable connection proved between the collision and the theft.

In admiralty.

J. C. Dodge & F. Dodge, for libellants.

F. Goodwin, for claimants.

LOWELL, District Judge. The claimant contends that the master of the Hulloneon, after the collision had occurred, was negligent and unskilful in beaching his vessel where he did, and again in making the contract which he made for raising her. On the second point the claimants are almost estopped, because they were twice applied to, and asked to make the contract or to give their advice about it, and refused. To be sure, they were not bound to advise, and therefore they are not technically estopped; but they were fully notified and warned; and if they thought at that time that it would be so much better to contract by the day than by the job, they would have run very little risk by saying so. After it has turned out that one mode might probably have been better than the other, it is easy to suppose that this was clear from the beginning; but, if it really was so, why was the light withheld?

The first point is similar in the principle which must govern its decision. As to both points, the following cases are cited: The Linda, Swab. 309; The Flying Fish, Brown. & L. 436; and to these may be added The Catherine, 17 How. [58 U. S.] 170. These cases decide that the vessel which is responsible for the collision is not bound to make good damages which do not fairly and necessarily result from the wrongful act; and that, if the master or owners have been guilty of rash or even negligent conduct, by which the damages are largely increased, the court is to ascertain, by the best means in its power, what the damage was or would have been if the subsequent conduct of the injured party had been prudent and skilful. The editors of Browning and Lushington's Reports, in a note to The Flying Fish, suggest that perhaps even this damage ought to be divided between the parties, on the ground that it was partly caused by the collision. But those learned persons, I fear, may be suspected of a design to cast ridicule upon the rule itself, which they afterwards say is an embarrassment in practice. At all events, no court has ever decided that the damages caused by A.'s negligence were partly due to an antecedent negligence of B.

The evidence in this case falls very far short of that given in the two English cases; and, though The Catherine [supra], is rather briefly reported, it would seem that it resembled them. If so, they were all clear cases of a reckless negligence, almost amounting to the wilful loss of a vessel, which might

---

[1] [Reported by Hon. John Lowell, LL. D. District Judge, and here reprinted by permission.]

easily have been, and in the American case actually was, saved and repaired at a comparatively trifling expense; and this was not only obvious at the time, but, in the two cases which are fully reported, was pointed out to the master, and he was urged to save his ship. Here the evidence is that some one advised the master to beach the vessl a few rods higher up the shore than he did, and told him that it was a better place for the purpose. This is a very different state of things from those on which the above-cited cases were decided. I agree with the assessor that there is no such evidence of negligence as should throw upon the Hulloneon the loss, if any, which was incurred by the vessel being beached where the master thought best to put her.

The first objection taken by the libellant illustrates somewhat this matter of remote damage. The assessor has disallowed the value of a boat which was stolen, not from the vessel, but from a wharf in Boston, on the night after the collision. Granting that damages might be recovered for all direct losses, even if one of them should be a plundering which no means within the reach of the injured party could prevent, yet the theft of a boat hours afterwards, at a different place, has no such natural or necessary connection with the collision as to be one of its legal consequences. Indeed, I do not know, and no one can say, that it had any connection whatever with that event. The boat was stolen from a place where boats are often left, and where this master might have left it if he had had occasion, though his vessel were safely riding at anchor in the stream.

Decree for libellants for $1,084.25 and interest from the date of the libel, and costs.