# England *v.* Hatch.

*Statutory Real Action, in Nature of Ejectment.*

1. *Defective probate of deed; when certified copy not evidence.*—When a deed has been recorded within twelve months from its date but the certificate of probate or acknowledgment is substantially defective (Code, § 2154), a certified copy is not admissible as evidence without further proof.

2. *Conveyance recorded more than twenty years presumed to have been properly probated.*—Under the rule laid down in *Hutchings v. White,* 40 Ala. 253, if the deed has been recorded in the proper office for more than twenty years, the presumption will be indulged that its execution was legally proved or acknowledged; but the court is unwilling to extend the rule to deeds which have not been recorded twenty years.

3. *Plaintiff in ejectment must recover on strength of his own title.*—In ejectment, or statutory action in the nature of ejectment, the plaintiff

[England v. Hatch.]

must recover, if at all, on the strength of his own title; and when he fails to make out a *prima facie* case, the defendant is not required to adduce any evidence, nor will erroneous rulings on evidence offered by the defendant work a reversal.

APPEAL from the Circuit Court of Wilcox.

Tried before the Hon. JOHN MOORE.

This was a statutory real action in the nature of ejectment brought by Wade H. England against Susan W. Hatch, to recover certain lands particularly described in the complaint, and was commenced on 25th April, 1884. The defendant pleaded not guilty, the statute of limitations of ten years, and adverse possession, for three years, with a suggestion of the erection of valuable improvements. Issue was joined on these pleas; the trial resulting in a verdict and judgment for the defendant. The material facts in the case are sufficiently disclosed by the opinion. The certificate of probate, the sufficiency of which was the chief contention developed in the primary court, is in the following language:

"State of Alabama, Wilcox county. On this, 23d day of March, in the year one thousand eight hundred and sixty-six, personally came before me Drury Vick, one of the subscribing witnesses to the foregoing conveyance, and acknowledged that he signed the same as witness, and that R. C. Parker, the other subscribing witness, signed his name in his presence, and that James B. McBryde and Eliza A. Mc-Bryde, whose names are signed to the conveyance, signed the same in his presence and in the presence of R. C. Parker the other subscribing witness. And I certify that I well know the said Drury Vick, and that he is the same person whose name is subscribed as a witness to the foregoing conveyance.

"GEORGE LYNCH,
"Justice of the Peace."

JOHN Y. KILPATRICK, for appellant.

R. GAILLARD, and S. J. CUMMINGS, *contra.*

CLOPTON, J.—The plaintiff, having proved that he is the son and only heir at law of D. G. England, who died in June, 1868, and having read in evidence a deed made by W. H. Barnwell and wife, December 31, 1866, conveying the land in controversy to his father, offered for the purpose of showing title in Barnwell, a transcript of a deed, and the endorsements thereon, as the same appear of record in the office of the judge of probate of Wilcox county. On objection by defendant, the court excluded the transcript. The specific objections made in the Circourt Court are; that the execution of the deed

[England v. Hatch.]

had not been proved, and that it had not been acknowledged, nor probated as required by the statute.

The transcript was offered in evidence under section 2154 of the Code. The deed was recorded within less than twelve months from its date, and the loss of the original conveyance was sufficiently proved; but the probate does not substantially conform to the requirements of the statute. To be sufficient, the substantial facts as declared in the statutory form of probate of conveyance, must be expressed in the certificate. The certificate does not show that the grantors voluntarily executed the conveyance, nor that the probating witness attested it in their presence. And it appears, that the probating witness was not sworn, and did not depose, but merely acknowledged the facts stated in the certificate.—*McCaskle v. Amerine*, 12 Ala. 17; *Sharpe v. Arme*, 61 Ala. 263; *Boykin v. Smith*, 65 Ala. 294.

It is insisted, that the deed falls within the rule laid down in *White v. Hutchings*, 40 Ala. 553, where it was held, that if the deed has been recorded, more than twenty years in the proper office in the proper county, the presumption is, that its execution had been legally proved or acknowledged; that a proper certificate had been written upon or under the deed; and on proof of its loss, a duly certified transcript must be received. The transcript offered in evidence does not come within this rule, inasmuch as the deed had not been recorded twenty years before the day of trial; and we are unwilling to extend the rule. The certificate of probate not being effective to impart probative force to the deed, it devolved on the plaintiff to prove its execution and the correctness of the copy. Evidence that the subscribing witnesses were dead, and that the grantors had removed beyond the limits of the State, is insufficient for this purpose. The transcript was properly excluded.

The record discloses no evidence tending to show, that the plaintiff, or those under whom he claims, ever had possession of the lands; but on the contrary, it tends to show that the defendant and those from whom she derives title, had been in possession since 1844. The plaintiff in a statutory real action, as in common law ejectment, must recover on the strength of his own title. When the plaintiff closed his evidence, the defendant might have rested on the then state of proof. We discover no valid objection to the admissibility of the muniments of title introduced by the defendant. The execution of the conveyance from Kimbrough and wife, to Watkins, was proved, and the will, its probate, and the partition of the lands duly certified. But if they were inadmissible, it would not work a reversal, as the plaintiff was not entitled to recover on the case made by him.—*Crosby v. Pridgen*, 76 Ala. 385; *Baker v. Barclift*, 76 Ala. 414.

Affirmed.