85 512
93 152

85 514
111 133
115 351

85 514
128 208

85 514
136 410

# Allison *v.* Little.

*Action for Statutory Penalty for Cutting Trees.*

1. *Plea of former recovery; identity of parties.*—In an action by the trustees of church property, to recover the statutory penalty for cutting trees (Code, § 3296), a former recovery by an agent or officer of the church, who was not in possession of the land, though authorized by the congregation to bring the suit, is not a bar, because there is no identity of parties plaintiff.

2. *Ancient deed; certified transcript as evidence.*—A deed more than twenty years old having been recorded in the proper office on the day of its date, a certified transcript is admissible as evidence without proof by the subscribing witnesses, who are presumed to be dead; and the party offering it being the successor, by appointment of the register in chancery, of the original grantee, who is shown to be dead, there is no presumption that he has the custody of the original.

3. *Appointment of trustee by register in chancery.*—On the death of the trustee of an express trust, the register in chancery has power to appoint another trustee, "on the application of any party in interest" (Code, § 3574); and where a religious society or congregation is the beneficiary of the trust, one of their members being authorized by them to make the application, he is a party in interest.

4. *Church proceedings relative to proposal of compromise.*—In an action by the trustees of church property, to recover the statutory penalty for cutting trees, issue being joined on the pleas of not guilty, the statute of limitations, and a denial of plaintiffs' right to sue; evidence of the proceedings had at a church meeting, appointing a committee to confer with the defendant in reference to the alleged trespass, with authority to compromise the matter with him, is not relevant or admissible.

5. *Defenses for trespass; good faith.*—It is no defense to such action, that the defendant cut the trees by the permission, or at the request of persons who, though members of the congregation, had no authority to give such permission; and the fact that he acted in good faith, without any intention to commit a trespass, is immaterial, when there was no mistake or doubt as to the boundary line.

6. *Authority of trustees to sue for acts done prior to their appointment.*—Trustees of church property conveyed by deed, appointed by the register in chancery, may sue for a trespass on the land committed prior to their appointment, while there was a vacancy in the office of trustees; their appointment relating back, for this purpose, to the time when the vacancy occurred.

[Allison v. Little.]

APPEAL from the Circuit Court of Lawrence.

Tried before the Hon. H. C. SPEAKE.

This action was brought by E. S. Little and others, suing as trustees of the "Mount Pleasant Baptist Church," against C. Q. Allison, to recover the statutory penalty for cutting trees on certain land belonging to the church; and was commenced on the 13th January, 1886. The land was a small parcel containing about four acres, which was conveyed by Amos Jarmon, by deed dated September 10th, 1829, in consideration of his "good will and special regard for the Baptist denomination," to Asa Cobbs, Archelaus Ricks and Nat. Stanley, "who were appointed," as the deed recited, "by the Baptist church as a board of trustees to receive this deed in behalf of the church at Mount Pleasant, and the land hereinafter named, for the special purpose of building a meeting-house for said church." This deed was acknowledged by the grantor, on the 21st February, 1831, before the clerk of the County Court of Lawrence, and was recorded on the same day in his office. The trustees named in the deed having died, the plaintiffs in this action were appointed trustees in their stead, on November 30th, 1885, by the register in chancery, on the application of Elonzo Little, one of the persons who had been selected by the church to act as trustees. A church building was erected on the land, and some of the ground was used for burial purposes by members of the congregation and their families. In January and February, 1885, the defendant, who owned adjoining land, cut down about thirty trees or more on the church land, near the graves of deceased members of the families of James A. Letsinger and L. H. Walker; and he testified in his own behalf, that he did this at the request of said Letsinger and Walker, supposing that they had authority to do so, and not intending to commit any trespass on the church land, though he knew where the line ran which separated it from his own land.

The defendant interposed a special plea of former recovery, or *res adjudicata*, based on a judgment recovered against him by one A. H. Stanley, who sued "as deacon of the Mount Pleasant Church," in an action of trespass commenced on the 14th April, 1885; and the plea averred that the cause of action in each case was the same trespass. The court sustained a demurrer to this plea, and the defendant then pleaded—1st, not guilty; 2d, "the general issue, in short by consent;" 3d, the statute of limitations of one year; 4th, that

33

[Allison v. Little.]

plaintiffs were not in possession of the land at the time of the alleged trespass; 5th, that plaintiffs were not trustees at the time of the alleged trespass; 6th, that plaintiffs "are not trustees as they allege;" 7th, "that plaintiffs have no interest, with proper title or possession of said lands at the time of said alleged trespasses;" 8th, 'that the said cutting was done by him innocently, and without any intention to commit a trespass upon plaintiffs, or any other person, and said trespass was not committed by him willfully or knowingly." Issue was joined on all of these pleas, without objection.

On the trial, as the bill of exceptions shows, the plaintiffs offered in evidence a certified copy of the deed from Jarmon, as taken from the record. The defendant objected to its admission as evidence, "because plaintiffs have not accounted for the original deed, nor proved its loss; and because the original was not proved by the subscribing witnesses, who were not called, nor their absence accounted for." The court overruled these objections, and admitted the copy as evidence; to which the defendant excepted. The plaintiffs offered in evidence, also, "a duly certified copy from the records of said church," relating to the appointment of a committee to investigate the alleged trespass on the church property, "supposed to be by C. Q. Allison," with authority to them "to make a liberal compromise." The defendant objected to its admission, "because it was illegal, irrelevant, and not pertinent to the issues;" and he duly excepted to the overruling of these objections. The plaintiffs offered in evidence, also, a duly certified transcript of their appointment as trustees by the register in chancery, and the defendant objected to its admission, "because the petition of said Little fails to allege or show that he was a party in interest; and because it fails to allege or show what parties are interested in said property; and because it fails to make any parties in interest defendants thereto; and because the proceedings fail to show that any party in interest was notified or brought into court to answer the same; and because the proceedings fail to show any jurisdiction in the register to make said appointment." The court overruled these objections, and admitted the transcript; to which the defendant excepted. The defendant having testified in his own behalf as above stated, the plaintiff moved the court "to exclude from the jury the statement of said witness, that he cut the trees in good faith, without the desire or intention to trespass upon the rights of any one, or to injure any one." The

[Allison v. Little.]

court sustained the motion, and excluded the evidence; to which the defendant excepted.

The court charged the jury, at the request of the plaintiffs, as follows: (1.). "If the jury believe from the evidence that the defendant cut the trees after the 10th January, 1885, willfully and knowingly, without the consent of the trustees, and that the cutting was not necessary in the preservation of Walker's and Letsinger's graves, they must find for the plaintiffs." (2.) "Willfully cutting, under the statute, means intentionally cutting." The defendant excepted to each of these charges, and requested the following charges in writing, duly excepting to the refusal of each: (1.) "If the jury believe from the evidence that the trees were cut prior to the appointment of the plaintiffs as trustees, then they will find for the defendant." (2.) "If the jury believe from the evidence that Letsinger authorized the defendant to cut the trees, and that the defendant in good faith believed that Letsinger had authority to have the trees cut, and acted in good faith on that belief, not intending to commit a trespass, nor intending to wrong or injure the rights of any one; then they will find for the defendant."

All the rulings above stated are now assigned as error.

Jas. Jackson, for appellant.

Kirk & Almon, contra.

SOMERVILLE, J.—The action is for the penalty prescribed by section 3551 of the Code of 1876, for willfully and knowingly cutting down and destroying trees on another's land, without the consent of the owner.—Code, 1886, § 3296. The plaintiffs in the action are trustees of a church, or religious organization, to whom the land belonged, and the act of damage, which is the ground of the suit, was committed before the appointment of the plaintiffs as trustees of the property, while there was an existing vacancy in the trust by reason of the death of their predecessors.

1. A plea of former recovery, or *res adjudicata*, is interposed, to which a demurrer was sustained; as we think, properly. This plea sets up in due form the fact that one Stanley, as deacon of the church, had, prior to the present suit, brought an action of trespass *quare clausum fregit* against the defendant for the same act of trespass, and had recovered one cent damages therefor with costs. The

[Allison v. Little.]

defect about this plea is, that the party plaintiff in that suit, and the party plaintiff in this suit, are not the same. To make the plea of former recovery good, the parties to both actions must be the same, or representatives of the same parties litigant. Identity of person is just as essential as identity of subject-matter, or of the cause of action. The gist of the action of trespass is injury to the possession of the plaintiff, actual or constructive. It can be maintained only by one who is the owner, or who is in the actual occupancy of the land. Stanley is not averred to have been either owner or actual occupant. As a mere naked agent, or officer of the church, out of actual possession, he could not be entitled to bring the action, although authorized to do so by the congregation; and the suit could well have been defeated on this ground. The parties in the two suits being different, the recovery in the former could not be set up in bar of the latter. The court so correctly ruled in sustaining the demurrer to the plea. Whether, under section 3299 of the present Code (1886), a recovery of damages in trespass would constitute a bar to a subsequent suit for a penalty incurred for cutting trees, each action being for the same injury, is not decided, as it is unnecessary to be considered.

2. The certified transcript of the deed, bearing date on February 21st, 1831, purporting to be made by one Jarmon to certain trustees therein named, and conveying to them the land from which the trees were cut, was properly admitted in evidence. This deed was more than twenty years old, and was recorded in the proper office on the day of its date, being thus registered within the period required by statute at that time. The presumption from this great lapse of time was, that the execution of the instrument had been lawfully proved, or acknowledged, and that the proper certificate had been "written upon or under the deed." The subscribing witnesses are presumed to be dead, and it was unnecessary to call them to prove the execution of the original paper. The grantees in the deed being deceased, and the plaintiffs having been appointed their successors in the trust, there is no presumption that the plaintiffs have the custody of the original deed. Hence, no necessity arose for accounting for the loss of such original, before introducing the copy.— *White v. Hutchings,* 40 Ala. 253; *England v. Hatch,* 80 Ala. 247; *Hendon v. White,* 52 Ala. 597; *Beard v. Ryan,* 78 Ala. 37.

[Allison v. Little.]

3. The register in chancery was invested by statute with authority to appoint the plaintiffs as trustees of the church property, to fill the vacancies occasioned by the death of their predecessors, who were the original grantees of an express trust, upon the application of any party in interest. Code, 1876, § 3732. The applicant, Little, was clearly a party in interest, within the meaning of the statute. He was not only a member of the congregation of the religious society which owned the property in controversy, but this congregation had authorized him to act as one of the trustees, with others named. The best evidence of the action of the register was the record of his proceedings, which could be proved by certified copy. So, the church proceedings, selecting trustees, were relevant to show the authority conferred by the congregation on Little, as their agent to make the application, although such selection may have had no legal validity without ratification by new appointment from the register. It may be that the church minutes do not belong to that class of records which are authorized to be proved by mere certified copies; but no objection was interposed to the evidence on this ground in the court below, and it must be considered as waived.—*Baucum v. George*, 65 Ala. 259.

4. The action of the church authorities, imputing the cutting of the trees to the defendant, Allison, and appointing a committee with authority to compromise the matter with him, was not relevant to any issue in the cause, and should not have been admitted in evidence. The court erred in not sustaining the objection to it.

5. It was no defense to this action, that the defendant had cut the trees by the instructions of certain persons, who had no lawful right to confer on him the authority to do so, although he believed they had such authority. He was the victim of his own credulity, and must be the sufferer by his negligence of inquiry, rather than visit the loss on another who is innocent. The fact that he acted in good faith, without the intention to trespass, was immaterial, and the evidence bearing on this point was properly excluded, to say nothing of the rule which precluded the defendant from testifying to his uncommunicated intention accompanying the alleged act of trespass. The evidence shows no mistake of fact as to whose land the trees were on, as in *Russell v. Irby*, 13 Ala. 131, where the defendant honestly believed that he was cutting trees on his own land, having mistaken the boundary line.—*Givens v. Kendrick*, 15 Ala. 648.

[Allison v. Little.]

6.   The action would lie in the name of the plaintiffs, notwithstanding their appointment as trustees of the property was subsequent to the alleged trespass.   This is precisely the kind of case to which the doctrine of *relation* will be applied.   The original trustees were dead, and the trusteeship was vacant at the time of the trespass.   The statute provides that, on the death of a sole or surviving trustee of an express trust, the trust estate shall not descend to the trustee's heirs, or pass to his personal representatives, as at common law.—Code, 1852, § 1323; Code, 1886, § 1848. The legal title of the trust property must thus always, in legal contemplation at least, remain in the original trustee, or his lawful successors.—*McDougald v. Carey*, 38 Ala. 320. Upon the appointment of any successor, his title will, for certain purposes, relate back to the date of the death, resignation or removal of his predecessor.   The rule applicable to administrators, that the grant of letters of administration relates back to the time of the intestate's death, is precisely analogous.—*Kelly v. Kelly*, 9 Ala. 908; s. c., 44 Amer. Dec. 469.   In either case, the trustee is entitled to sue for any injury or damage done to the trust property during the intermediate vacancy in the trusteeship,   His title, for this purpose, is permitted to relate to the time of the wrong done.   This is based on the necessity of the case, and is designed to promote justice.   If the law were otherwise, trust estates would be subject to the most iniquitous spoliation by wrongdoers, who might select the period of accidental vacancies in administrations and other trusteeships for carrying out their schemes of plunder.—*Jackson v. Ramsey*, 3 Cowen, 75; s. c., 15 Amer. Dec. 242, *Note*, pp. 246-255; *Hendon v. White*, 52 Ala. 597, 605; *Laurissini v. Corquetic*, 25 Miss. 177; s. c., 57 Amer. Dec. 200.

The charges of the court, and other rulings not particularly considered, are free from error.

Reversed and remanded.