### CORNWALL v. THE NEW YORK.

*(District Court, S. D. New York. February 7, 1889.)*

DAMAGES—REMOTE AND PROXIMATE CAUSE.
    A boat, while loading, was injured by the swells from a passing steamer. Her loading was completed with a full cargo, and she was then started towards her destination, 125 miles distant, and foundered near the end of the trip. *Held,* that the risk of the trip should not be thrown upon the steamer, but that she was liable only for the injuries occasioned by the swells.

In Admiralty.
*Hyland & Zabriskie,* for libelant.
*C. & A. Van Santvoord,* for claimants.

BROWN, J. The libelant's boat, having received injuries while loading with ice near Albany by thumping upon the bottom in consequence of the swells caused by the steamer New York in passing her, is entitled to recover all the direct and proximate damages arising from the fault of the latter, and no more. *Scheffer* v. *Railroad Co.,* 105 U. S. 249. This doubtless includes the damages arising in the course of reasonable and proper efforts to extricate the injured vessel from the position in which

the fault of the other had left her. *The Nellie,* 2 Low. 494. The libelant's boat, immediately after the accident, was found to be leaking. She was not then quite loaded. Her loading was afterwards completed with a full cargo, as I understand, as though no injury had happened; and she was thereupon taken across the river to form one of a tow which she had previously been intending to join on a trip to New York. She went down with the tow, and, when within 12 miles of the city, the ice lifted the upper part from the bottom, and the boat and cargo thereby became a total loss. The evidence shows that she could not be docked with her cargo in her; and the cargo, it is said, could not be transferred so as to be of much, if any, value. The evidence on this last point is not satisfactory. The boat was 24 years old, evidently weak, and she started upon her trip without examination, and leaking badly. I do not think the captain's conduct in this case comes fairly within the rule that charges upon the wrong-doer the reasonable efforts made to save an injured vessel. It is very improbable that the trip to New York was made with the view to save the vessel or cargo; for, if that had been the only object, certainly the captain would not have increased the risk by taking more ice aboard after the accident. Just how much more ice was put aboard is not stated; but as the boat completed about 125 miles of her trip before foundering, after being fully loaded, it is fair to assume that if she had taken aboard only a small amount less she would have completed her trip. The completion of the loading, the lack of examination and of any effort to stop the leak, all lead to the same conclusion. From the moment the boat started constant efforts at the pump were necessary. The boat was very old and weak, and plainly unseaworthy. A boat of ordinary strength would not have separated as this boat did. It was not a case where instant action was necessary to save the boat or cargo from destruction. The captain was not, I think, entitled, under such circumstances, to throw the risk of losing the boat and cargo during a trip of 140 miles, on the steamer, without notice to her, and without examination. I allow $400, the estimated damage to the boat by the injuries to her bottom. Having been lost in the captain's subsequent venture, there is nothing to be added for demurrage. Decree for $400, with interest from August 16, 1887, and costs.