# Lee v. Lide.

*Action against Probate Judge to recover Statutory Penalty for Overcharge for Recording Mortgage.*

1. *Statutory penalty for overcharge for recording mortgage; action must be brought by party aggrieved.*—An action against a probate judge to recover the statutory penalty for charging an unlawful fee for re-cording an instrument, must, under the statute (Code, § 3680), be brought by the party aggrieved by the overcharge; and when such an action is brought by a mortgagor, who did not pay the charge for re-cording his mortgage, in order for him to maintain his action he must prove that the one who paid the fee acted for him, or that he was in some way liable therefor, and was aggrieved by the over-charge.

2. *Same; liability of probate judge when overcharge made by his clerk.*—Under the provisions of the statute making the probate judge respon-sible for the official acts of his clerk (Code, § 795), the probate judge is liable for the statutory penalty for an unlawful charge made by

[Lee v. Lide.]

his clerk for recording a mortgage or deed? (Code, § 3680), notwithstanding the probate judge may not personally have known of such overcharge; but if the clerk, not knowingly, made the overcharge, the judge would not be liable for the penalty.

3.  *Statute regulating fees; when probate judge bound thereby.*—Under the provisions of act approved February 16, 1889, (Acts 1888-89, p. 399), which requires the county commissioners of Conecuh county to furnish to the probate judge of said county printed forms of mortgages with blanks so as to enable their general use and also with a book of similar forms for recording the mortgages executed on the blanks so furnished, and fixes the fee for recording such mortgages at 25 cents, the county commissioners furnished the record book as prescribed, except that there were specially named mortgagees in the forms therein, but the commissioners furnished no loose blanks for the exetion of mortgages.  On a blank not furnished by the commissioners, but similar to the forms in the record books furnished, a mortgage was executed to one of the mortgagees specially named in the forms in said record books, and as thus executed was filed in the office of the probate judge for record.  The clerk of the probate judge recorded the mortgage in the record book containing the printed forms, making such minor alterations as were necessary to make the form in the book conform to the mortgage.  *Held:*  The probate judge could only charge 25 cents for recording such mortgage, and a fee of $3 charged by his clerk was an overcharge.

4.  *Same; constitutionality of statute.*—The act approved February 16, 1889 (Acts 1888-89, p. 399), which authorizes the probate judge of Conecuh county to supply only citizens of the county with mortgage blanks furnished him by the commissioners of the county, for recording which in a record book of similar forms also furnished him by the commissioners, he shall charge a fee of 25 cents, instead of the general statutory fee of 15 cents per hundred words, is not unconstitutional as requiring persons, not citizens, to pay a greater fee than the citizens of the county; since those who are not citizens are entitled to have their mortgages recorded at 25 cents by the use of the record form, when such instruments are in conformity to that form.

5.  *Action to recover statutory penalty; sufficiency of complaint.*—In an action against a probate judge to recover the statutory penalty for an overcharge for recording a mortgage, a complaint which "claims of the defendant Lee, as probate judge of said county, the sum of $50, as a forfeiture for knowingly charging and receiving the sum of $3 as a fee for recording a certain mortgage executed by plaintiff to  *   * * and delivered by plaintiff to the defendant as probate judge, to be recorded by him on the probate records of said county.  And which was recorded,  *   *   *  said fee so charged being a higher or greater fee than is allowed by law in such cases, to the damage of the plaintiff, as aforesaid," is sufficient and not open to demurrer.

[Lee v. Lide.]

APPEAL from the Circuit Court of Conecuh.

Tried before the Hon. T. M. STEVENS, Special Judge.

This action was brought on March 19, 1895, by the appellee, B. A. Lide, against the appellant, R. A. Lee, to recover fifty dollars, as a forfeiture or penalty for knowingly charging and receiving another and larger fee than is allowed by law as probate judge, for recording a certain mortgage made by the plaintiff to the British and American Mortgage Company, Limited.

The complaint was in the following words: "The plaintiff claims of the defendant R. A. Lee, as probate judge, of said county the sum of $50, as a forfeiture for knowingly charging and receiving the sum of $3 as a fee for recording a certain mortgage executed by plaintiff to the British and American Mortgage Company (Limited) and delivered by plaintiff to the defendant as probate judge, to be recorded by him on the public records of said county, and which was recorded on the 26th day of November, 1894, in Book of Mortgages '24,' and on page 36 of said book, said fee so charged being a higher or greater fee than is allowed by law in such cases, to the damage of the plaintiff in the sum aforesaid."

The defendant demurred to the complaint upon the following grounds: "1st. The complaint states a conclusion, and does not set forth the facts upon which said conclusion is founded. 2d. The complaint fails to show in wha˙ said fee is excessive. 3d. The complaint fails to set out with that particularity required by the rules of pleading in what the fee which it is alleged was charged and received is higher or greater than allowed by law." The court overruled each ground of the demurrer, and to this action the defendant separately excepted. The defendant then interposed the following pleas:

1st. He denies that he charged any higher or greater sum for recording the mortgage named in plaintiff's complaint than is authorized by law. 2d. He says that by the statute governing such recording fees as it is alleged he charged for, he is permitted to charge 15 cents per hundred words, and he avers and charges he did not charge or receive any greater sum than 15 cents per hundred words for the recording of such instrument set up in the complaint.

3d. And the defendant pleads especially that he

did not knowingly receive from the plaintiff or authorize any one for him to charge or receive any higher or greater sum than is allowed by law, towit, 15 cents per hundred words.

"4th. And the defendant for further answer to the complaint in this cause says the true facts are, that when the mortgage was delivered to plaintiff it was delivered by F. M. Dean, his recording clerk, and there was due to him for recording the mortgage in question the sum of three dollars, and the said B. A. Lide was at that time indebted to him the further sum of 25 cents for other and additional fees, and the said F. M. Dean charged the sum of three dollars only for the recording and the other fees due, both together only $3, which is in fact and truth a less sum than his fees for recording said instrument and for said other fees." The fifth plea was the general issue. The facts of the case, as shown by the evidence, are sufficiently stated in the opinion.

Among the written charges requested by the defendant, and to the refusal to give each of which the defendant separately excepted, were the following: (1.) "The court charges the jury that if you believe the evidence, you will find for the defendant." (2.) "The court charges the jury that the burden of proof is upon the plaintiff to make out his case, and in this case the evidence must reasonably satisfy you that the defendant knowingly received a greater amount for the services in recording the mortgage named in plaintiff's complaint than he was allowed to charge for such services by law, and if the evidence does not so satisfy you, then you must find your verdict for the defendant." (3.) "The law requires, to authorize a recovery in this suit, that the probate judge, the defendant, must knowingly secure a greater amount for recording than is allowed by law, and the probate judge or his clerk has the right to count and to estimate the words and figures contained in the record of the mortgage, and if, in the estimate of such record, the probate judge or his clerk should make a mistake, and thereby an overcharge is made, and greater amount is received for recording than is allowed by law, and such mistake was honestly made, then there can be no recovery in this suit." (4.) "If the clerk of the probate judge, the defendant in this case, received

9

[Lee v. Lide.]

a greater sum than is allowed by law for recording the mortgage named in plaintiff's complaint, and the defendant knew nothing about this, then you must find your verdict for the defendant, and to determine this question you look to the whole evidence in the case."
(11.) "The court charges the jury that if you believe when the probate clerk estimated the number of words and the charge for recording, he made an honest mistake, and did not knowingly and willingly charge more than he was entitled to, the plaintiff can not recover."
(12.) "The court charges the jury that if the evidence fails to show that the blank used in the execution of the mortgage and record in question was not furnished by the commissioner's court of the county, the plaintiff is not entitled to recover."

There were verdict and judgment for the plaintiff. The defendant appeals, and assigns as error the rulings of the court upon the pleadings, and the refusal of the court to give the several charges requested by the defendant.

STALLWORTH & BURNETT, and A. A. WILEY, for appellant.—1. We reiterate that statutes imposing penalties and forfeitures are not particularly favored in law, and must be strictly construed and closely followed. Under no circumstances will such statutes be enforced further than are absolutely required by the terms of the act.—*Hammond v. Port Royal &c. R. Co.*, 15 Shand. (S. C.) 10, s. c. 11 Amer. & Eng. R. R. Cas. 371; *Chicago R. Co. v. Minn. &c. R. R. Co.*, 10 Amer. & Eng. R. R. Cas. 234; *Bettis v. Taylor*, 8 Port. 572. "It is a clear rule, that a statute, imposing a penalty, must be strictly construed and closely followed in its application. The court can not lessen or increase the penalty, and if the form of procedure—the measure or description of proof—are prescribed, they must be regarded, or the statute itself can not be allowed to operate.—*Broadwell v. Conger*, 1 Penning R. 110; *Fairbanks v. Antrim*, 2 N. H. 105; *Baldwin v. Hewitt*, 88 Ky. 673; *Louisville Water Co. v. Com.*, 89 Ky. 244.

2. It is shown by the testimony of F. J. Dean, clerk in the office of the probate judge, that W. C. Crumpton paid $3 for recording the B. A. Lide mortgage; but the evidence fails to show, that Crumpton was the agent of Lide, or paid said sum of money for Lide, for and on

[Lee v. Lide.]

account of recording said mortgage; or that said Lide was responsible for the payment of said fee.

3. Manifestly it was an error in the court below to withdraw from the consideration of the jury any evidence which tended to establish appellant's defense; and this was done, of course, when the affirmative charge was given in favor of the plaintiff.— *Hart v. Freeman*, 42 Ala. 568; *Schmidt v. Joseph*, 65 Ala. 475; *Dollins v. Pollock*, 89 Ala. 352.

4. Before the plaintiff was entitled to recover in the court below, under any aspect of this case, the burden of proof was upon his to show, 1st. That the commissioners court of Conecuh county, at the expense of the county, had furnished printed blank forms of mortgages, such as the one set out in the transcript in this case, and suitably bound blank record books to conform thereto. 2d. That B. A. Lide was citizen of Conecuh county and had made an application to the probate judge of said county and obtained from him the printed blank form of the mortgage set out in the transcript in this case, and that such blank form was such as was of general application in Conecuh county. 3d. That the $3 paid to Mr. Dean, the clerk in the probate judge's office, was the money of said Lide, or was paid for and on his account, at his instance and request, and that he was liable for the payment of said fee.

J. C. RICHARDSON, *contra.*—A duly authorized clerk of the probate judge could not charge for his principal three dollars where he should only have charged twenty-five cents, and his principal escape the penalty, unless the probate judge had directed or instructed his clerk to charge twenty-five cents for the record of the entire mortgage in the stead of fifteen cents per hundred words. The probate judge can not receive the benefits from the wrong doing of his authorized clerk, and not be accountable for the penalties and consequences of such wrong doing. A probate judge must be held to a knowledge of the acts of his authorized clerk, while in the discharge of the duties which he has imposed upon him, and for which he has hired him.

HEAD, J.—Debt against probate judge for the statute

penalty of an overcharge for recording a mortgage.— Code, § 3680.

We notice, in the outset, that the right of action is given, by the statute, only to the party aggrieved. There is no evidence tending to show that the plaintiff, either by himself or though another for him, paid for recording the mortgage, or was in any wise liable to pay for the same ; or that he was in anywise aggrieved by the overcharge. Nothing more as to the payment is shown than that one W. C. Crumpton paid the fee. The plaintiff was the mortgagor, but the instrument does not require him to have it recorded, and there is no evidence that he did so, or had any connection with it. The general charge ought, therefore, to have been given for the defendant as requested.

The statute is highly penal and must be construed strictly in favor of the accused. The defendant in order to liability, must have *knowingly* received a higher fee than was allowed by law. Such is the language of the statute. The evidence shows that the defendant had in his employ, in his office, a duly qualified clerk, to whom he intrusted, generally, the duty of receiving and recording instruments, and collecting the fees therefor. This clerk received and recorded the mortgage, in question, and collected from Crumpton $3.00 therefor. The defendant, personally, knew nothing of the particular transaction ; did not actually know that such an instrument had been received in his office, until this suit was brought. The position of his counsel is, that the penalty can not be visited upon him, under such circumstances, though his clerk, knowingly, received a greater than the legal fee. The statute (Code, § 795) authorizes the probate judge, "To employ, at his own expense, a clerk, for whose official acts he is responsible." Section 3665 of the Code, provides : "The law of fees and costs must be held to be penal, and no fee must be demanded or received except in cases expressly authorized by law." Section 3678 provides : "The judges of probate must keep constantly in their offices, free to public inspection, a book in which must be entered all fees received by virtue of their office, stating for what and from whom received." The clerk, the records and the fee book are under the immediate supervision and control of the judge. We think the intent of

[Lee v. Lide.]

the law is to fix the same responsibility upon him for the official acts of his clerk, done under such general authority, as would have attached if he had performed the acts himself.—*Postal Tel. & Cable Co. v. Lenoir*, 107 Ala. 640; *Same v. Brantley*, 107 Ala. 683; *Allison v. Little*, 85 Ala. 512. But, if the clerk, not knowingly, made the overcharge, the judge would not be liable for the penalty.—*Lenoir's Case, supra*.

The clerk charged and collected $3.00 for recording the mortgage. He reached that sum by computing and charging fifteen cents, for each one hundred words of the instrument—that being the allowance prescribed by the general statutory fee bill for services of probate judges. By a special act of the General Assembly, for Conecuh county, approved February 16, 1889, (Acts 1888–89, p. 399), it was provided as follows: Sec. 1. "That it shall be the duty of the county commissioners of Conecuh county, to procure at the expense of the county, suitable printed blank forms of deeds, mortgages and crop liens, leaving to be filled in, as far as practicable, only such matter as can not be made of general application, such as dates, names, description of property, &c., which shall conform, in all respects, to similar printed blank forms, in suitably bound record books, to be procured also at the expense of the county and kept in the office of the probate judge, for recording the same.

"Sec. 2. That upon the application of any citizen of the county, desiring to execute, or to have executed and recorded, a conveyance in conformity with said forms, the probate judge shall issue free of charge, one or more of said forms, not exceeding in his judgment the number required for the use of said applicant.

"Sec. 3. That the fees to be charged for recording conveyances executed with the use of such printed blank forms, shall be twenty-five cents each.

"Sec. 4. That nothing herein contained shall be so construed as to abolish the use of such printed blank forms and records as are now in use in said probate office, or to prevent said commissioners' court from reimbursing the probate judge of said county for such amount as he may have actually paid out for such blank forms or record books."

The commissioners' court furnished to the judge's office

a record book containing printed blank forms of mort-
gages, in practical conformity to the directions of the
act, with the exception (or that which defendant con-
tends is an exception) that the form was printed specially
for mortgages executed to specially named mortgagees,
viz., The British and American Mortgage Company,
Limited (which was the mortgagee in this case), The
Loan Company of Alabama, J. H. Farnham & Co., and
The Scottish-American Mortgage Co., Limited, of Edin-
burgh, Scotland; which fact was indicated by the names
of said parties being printed in the form, as mortgagees;
the evident design being that, in the registration of a
mortgage executed to only one of the parties named, the
names of the others could be erased. The mortgage, in
question, to The British and American Mortgage Com-
pany, Limited, with a few exceptions, otherwise con-
formed to the printed form in the record book, and one
of the forms in that book was used for its registration.
The changes were of such small compass that the record
form was easily adaptable to them, and so it was done
by the clerk. The mortgage was not executed upon a
blank form furnished by the commissioners' court to the
probate judge, for that body had failed to comply with
the direction of the statute in that respect. If a blank
form was used, it does not appear where or how the par-
ties obtained it. It is contended that the defendant had
a right to charge fifteen cents, per hundred words, as
prescribed by the general law, because, 1st, the form in
the record book, furnished by the commissioners' court,
did not conform substantially to the requirements of the
act; and 2d, the mortgage was not executed upon a blank
furnished in the manner required by the act. There is
no merit in either of the objections. In the first place,
we see no substantial departure from the directions of
the statute. In furnishing a book of forms for the use
of specially named mortgagees which were well adapted
to the registration of their mortgages; and in the next
place the defendant availed himself of the blank record,
so furnished, and used it for the registration of the
mortgage in question. He will not, therefore, be heard
to say that the form furnished was not a proper one.
Nor will he be heard to object that the mortgage was
not executed upon a blank furnished by the commission-
ers' court. He foreclosed inquiry into all these matters

(if otherwise there was any merit in them) by using the record form, with which he had been provided. The defendant was entitled to charge only twenty-five cents for the registration of the mortgage.

The case is not open to the defendant to say that his clerk did not, knowingly, make the overcharge. He knew that he was charging at the rate of fifteen cents per hundred words. He knew that $3.00 was more than 25 cents. He may have made, and, no doubt, did make, an honest mistake, but it was a mistake of law and not of fact. Such mistakes cannot be set up to excuse in cases of this kind. *Ignorantia legis non excusat.*

There is nothing in the objection to the constitutionality of the act in question. It seems to provide that citizens of the county only may apply to the probate judge for blanks, but there is no restriction upon the right of those, not citizens of the county, to have their instruments registered at 25 cents, by the use of the record form, when such instruments are in conformity to that form.

It is a mistake to suppose that either of the special pleas was proven. In fact, each of them was merely a limited traverse of the declaration, and the facts proven do not sustain the legal conclusions stated in the pleas.

The complaint was manifestly sufficient.

For the failure of proof that the plaintiff was the party aggrieved, the judgment must be reversed and the cause remanded.

Reversed and remanded.