## PLEAS OF NEGLIGENCE AND OF CONTRIBUTORY NEGLIGENCE.

Common Pleas Court of Franklin County. .

FOSTER H. LATHAM v. THE COLUMBUS RAILWAY & LIGHT COMPANY.

Decided, February 3, 1909.

*Pleading—Averments Making Negligence Available as a Defense—Negligence which is Exclusive and Negligence which is Contributory—Prejudicial Averments—General Denial—Averments Leading to Confusion in Admission of Evidence and Charge of the Court—Special Pleas—Confession and Avoidance.*

1. An averment in an answer to an action for personal injury that the same was caused by plaintiff's own carelessness and negligence, is not tantamount to, but is clearly distinguishable from, a plea of contributory negligence.

2. An averment in an answer that the injury was caused by the plaintiff's own carelessness and negligence coupled with, and in addition to, a general denial therein, is immaterial and may prejudice either party, and should therefore be stricken out upon motion.

*F. S. Monnett,* for plaintiff.
*Booth, Keating, Peters & Pomerene,* contra.

KINKEAD, J.

This is an action for personal injury alleged to have been caused by the negligence of defendant.

Plaintiff avers that he was in the act of stepping on to the lower front step of a car of the defendant, and that while in the act of taking passage on the car, the motorman and conductor maliciously and purposely and negligently started the car with a forward sudden jerk, throwing him in front of the truck of the car, the wheels running over him, injuring him as alleged in the petition.

Defendant answers admitting that plaintiff was injured at the time and place alleged, and "further answering said petition denies each and every allegation therein contained not hereinbefore by it expressly admitted to be true, and avers that whatever injuries the plaintiff received at the time and place stated were caused by his own carelessness and negligence in

carelessly and negligently attempting to get on said passenger car, which was south bound, from the east side and 'at the front end thereof when it was in motion.''

Plaintiff files a motion to strike from the answer as redundant and irrelevant the following:

"And avers that whatever injuries the plaintiff received at the time and place stated were caused by his own carelessness and negligence in carelessly and negligently attempting to get on said passenger car, which was south bound, from the east side and at the front end thereof when it was in motion.''

It is asked further that if the last motion be overruled, the last allegation just quoted should be made definite and certain, by stating the precise nature of the defense it may claim thereby; also to state whether the alleged carelessness and negligence of plaintiff contributed to his injury.

The motion seeks also to have the alleged defenses separately stated and numbered.

It is argued in support of the motion that the allegation quoted is tantamount to a plea of contributory negligence, or rather the effort of plaintiff is to compel the defendant to allege that the negligence of plaintiff contributed to the negligence of the company in producing the injury described in the petition. It is contended that to render the claim that the plaintiff has been guilty of negligence, available as a defense, defendant must plead such negligence as *contributing directly* to the injury of which complaint is made.

On the other hand it is urged that the averment challenged is not a plea of contributory negligence on the part of the plaintiff; that there is in it no concession of negligence on the part of the defendant to which the negligence of the plaintiff could have contributed.

The averment is made by defendant in its present form no doubt because of the rule laid down in *Traction Co.* v. *Forest*, 73 O. S., 1, and in *Traction Co.* v. *Stephens*, 75 O. S., 171. It is stated in the opinion in the Forest case, and *Traction Co.* v. *Stephens*, 75 O. S., 171, that contributory negligence on the part of the plaintiff implies negligence on the part of the defendant; that contributory negligence can not exist unless there has been some negligence on the part of the defendant. It may

be urged that this statement was not essential to the decision, as no plea of contributory negligence was made in the case, the answer consisting of a general denial. In the Stephens case, 75 O. S., 171, the pleading of defendant was a general denial, and the trial court erroneously charged the jury on contributory negligence, when there was no such issue presented by the pleadings. Davis, J., says that:

"The defense of contributory negligence is inconsistent with a defense entirely upon the ground that the defendant was guilty of no negligence whatever; because the very definition of contributory negligence implies that there was some negligence on the part of the defendant."

No doubt there are in actual practice many cases according to the evidence adduced, where the line of demarkation between contributory negligence and sole negligence of the plaintiff is shadowy and obscure. Because of this fact, and because the pleader may be in doubt as to what the evidence will prove, it may be difficult for the pleader to determine the form of his plea.

The plea of contributory negligence is in effect saying that the defendant may have been negligent, which may be the occasion of some harm to the plaintiff, yet the immediate cause of the injury is not the want of care on the part of the defendant, but that it is due to the failure of plaintiff himself. Contributory negligence can not be invoked unless it is a proximate cause of the injury. *North B. Ry. Co.* v. *Calderwood,* 80 Ala., 247; s. c., 18 Am. St., 105.

Contributory negligence, therefore, presupposes negligence, and can exist only as a co-ordinate or counterpart. A general denial in effect claims that a defendant has exercised ordinary care and caution. Under such a plea, negligence on the part of the defendant is the issue, and if any injury has been caused, it must occur only by the negligence of the plaintiff, which can not be considered contributory, but original negligence. If there is no negligence of defendant which causes the injury, there is then no occasion for the consideration of contributory negligence. *Martin* v. *Highland Park Mfg. Co.,* 128 N. C., 264 (83 Am. St., 671).

It can not be claimed that an allegation of sole negligence of plaintiff is the same as a plea of contributory negligence.

An allegation that the injury complained of was caused solely by the negligence of the plaintiff, presents the same issue as does a general denial. That being true, there is no occasion for such an averment in connection with a general denial, and it is, therefore, surplusage and immaterial, no material issue being thereby presented.

It is urged, however, in support of the propriety of such allegation, that it is not every immaterial averment in a pleading that the court will strike out; that it must not only be immaterial, but it must be prejudicial in some way to the plaintiff as well; that is, it must be an unfair advantage to the party pleading it.

Section 5087 authorizing redundant and irrelevant matter to be stricken out on motion of the party prejudiced thereby, shows that questions of prejudice or unfair advantage to one side or the other are to be considered upon motions to strike out immaterial allegations in a pleading.

It may be difficult to foretell whether the allegation sought to be stricken out in this case will result in prejudice to plaintiff. Under the pleadings as they now stand in this case, the issues are made up, no further pleading on the part of the plaintiff being necessary, and at trial it would be the duty of the court to state them to the jury. They are simple. Plaintiff says that the injury was caused by the negligence of the defendant, while the defendant by means of its general denial denies this. If that be true it was a mere accident. Defendant may show that it was the fault of the plaintiff, or that the injury was caused in some other way not connected with the acts of defendant. It becomes the duty of the court under the pleadings as they now stand, not to permit defendant to introduce evidence to show contributory negligence on the part of plaintiff, and it has no power to charge the jury respecting contributory negligence unless plaintiff's own evidence tends to show that he was at fault.

It is quite apparent that an allegation of sole negligence following a general denial, might give rise to much contention and confusion during trial, both in respect to the admission of testimony and in the charge to the jury.

If the allegation of sole negligence as it now stands should be left in the pleading, contentions may arise over questions of evidence, the character and effect of the evidence, as may make it

incumbent upon the court to specially charge the jury in such way as to differentiate between sole negligence and contributory negligence, which is liable to prejudice either side.

It is common experience that in the trial of this class of cases, even where there is no plea of contributory negligence, the admission of evidence of acts and conduct disclosing both negligence on the part of defendant as well as on the part of the plaintiff, will be inevitable.

Trial courts frequently experience some difficulty in framing instructions where no plea of contributory negligence is made, but some evidence is properly admitted which shows negligence on the part of both parties.

But it seems clear that if plaintiff should by his own evidence disclose that he was guilty of contributory negligence proximately causing the injury, in connection with that of defendant, defendant is entitled to take advantage thereof, and the trial court would be justified in giving special instructions with reference thereto, although the defendant may not be entitled under his general denial to add anything by way of contributory negligence. This principle is recognized in *Traction Co.* v. *Forest*, 73 O. S., 1.

For the foregoing reasons, and because of an apparent growing practice since the decisions of the Supreme Court in the cases cited in this opinion, to depart from the well settled rules of pleading in such cases, it seems imperative that we should adhere to these well settled rules, and that the motion to strike out the allegation of sole negligence, following the general denial, should be sustained, which is accordingly done.

This is in conformity to precedent in other jurisdictions. For example, in *Ellet* v. *St. L. & C. R. R. Co.*, 76 Mo., 518, which was an action for personal injury against a railroad company, defendant filed a general denial, and also a special plea that the injury was caused by a thunderstorm. It was held that the special plea should be stricken out, as the matter contained could be shown under a general denial.

A paragraph of an answer in an action for personal injuries to a railroad employe, alleging that he was not in the line of his duty because the accident happened during the noon hour is properly stricken out where the answer contains a general denial,

and the complaint alleges that plaintiff was in the line of his duty when injured. *Evansville & C. R. R. Co.* v. *Maddux*, 134 Ind., 571.

In *Wilson* v. *Railway Co.*, 51 S. C., 79, it was held that the defense that an injury caused by a fellow-servant was admissible under the general denial. To the same effect, *Kaminski* v. *Iron Works*, 167 Mo., 462.

The direct question presented by the motion was decided in *Kennedy* v. *Railway Co.*, 59 S. C., 535 (1901), where it was held that under a general denial the defendant may show that the injury was caused solely by plaintiff's negligence, since this goes to controvert the allegations of defendant's negligence contained in the petition.

In *Codgell* v. *R. R. Co.*, 132 N. C., 855, the answer alleged that the intestate's death was not caused by any negligence of the defendant but by his own negligence.

The court held that this was not the statement of contributory negligence, "for the law when contributory negligence exists, pre-supposes the negligence of the defendant, which is denied in the answer," * * * and that "the answer in this respect did not state any matter which could not have been considered under the" denial. See, also, *Watkinds* v. *Southern Pas. R. Co.*, 38 Fed., 710 (29 Cyc., 582).

The sole negligence being admissible under a general denial, the allegation assumes an argumentative form, and is objectionable for that reason.

Under a plea of general denial or of sole negligence of plaintiff, the defendant is limited to proof showing that the defendant was wholly without fault, and that the injury was caused either through the plaintiff's sole fault, or by some other cause wholly disconnected with the neglect of defendant.

If the claim of defendant be other than a general denial, his plea must be by way of confession and avoidance, which is just as potent as it ever was in the old system. If defendant wishes to plead the contributory negligence of plaintiff, it must be in the form of the defense of contributory negligence, which, as stated by Davis, J., in *Traction Co.* v. *Stephens*, 75 O. S., 178, "is inconsistent with a defense entirely upon the ground that the defendant was guilty of no negligence," a rule that has

existed so long that the memory of man runneth not to the contrary.

The only way that a defendant can avoid the force of this rule, and still have the benefit of the defense of contributory negligence, so as to take advantage of evidence which may tend to establish this defense, is to plead the general denial and the defense of contributory negligence in alternative form, which method of pleading is generally sanctioned. Defendant may very properly deny negligence on its part, but claim that, if it be found that it is guilty of some negligence, the plaintiff was guilty of contributory negligence proximately causing the injury, setting out the facts, and separately stating and numbering his defenses.

The rule permitting alternative claims is more liberally exercised in favor of a defendant in pleading his defenses, than to plaintiff in the duplicate statement of his cause of action.

The first branch of the motion is sustained, which disposes of the alternative grounds thereof. Leave is granted defendant to amend.