Russell v. Irby.

# RUSSELL v. IRBY.

1. The act imposing a penalty, for cutting down, carrying away, or destroying cypress, and other timber trees, without the consent of the owner, does not extend to a case, where by mistake the party goes beyond his own boundaay, and is under the impression that he is cutting on his own lands, though he would be liable at common law. Whether negligence so gross, as to indicate an entire recklessness, or indifference to the rights of another, would be a substitute for actual knowledge, or authorise its implication, *quere.*

2. Where the master would not be liable if he had cut the trees himself, he will not be liable for the acts of his servants obeying his instructions.

Writ of Error to the Circuit Court of Sumter. Before the Hon. G. W. Stone.

THIS was an action of debt at the suit of the defendant in error, to recover the penalty prescribed by the statute for cutting certain trees on his land. The cause was tried by a jury, who returned a verdict for the plaintiff below for the sum of $500, and judgment was rendered accordingly. It was proved at the trial, that some of the trees for the cutting of which the action was brought, were cut and removed off the plaintiff's land two or three years previous to the institution of this suit. Testimony was also adduced, showing that the defendant had gone upon the land, carrying with him a pocket compass, and some owners of contiguous lands, and

attempted to ascertain the plaintiff's boundaries; but at this time part of the land was overflowed, and marked trees could not be distinguished.   It was also shown that when defendant sent his hands out to cut timber, he always sent a white man with them, and instructed them not to cut timber on the plaintiff's land; that once when he sent his hands, he instructed them to call on contiguous proprietors for information as to the plaintiff's boundaries; at another time he instructed the white laborer who went with the slaves, to inquire of one of the latter where he might cut trees.   This was done by the white laborer, and the trees cut at the place designated—part of these were on the plaintiff's land.   The trees cut by the defendant's hands from the plaintiff's land were all removed and appropriated by the latter; but there was no proof that the defendant was aware that his laborers had taken the plaintiff's timber.

The court charged the jury, that if the defendant was guilty of carelessness, and sent his slaves out to cut timber upon land situated as the proof disclosed, and did not put them in possession of such information as would enable them to know when they were upon lands belonging to him, then he is responsible for their acts : if, under these circumstances, the slaves went upon the plaintiff's lands, and cut and removed his timber, the defendant is responsible to him in this action.   It was added, that the same rule applied, if the defendant sent out hired white persons under the same circumstances.   Thereupon, the defendant prayed the court to charge the jury, that if part of the trees were cut and removed more than twelve months before the suit was brought, then they could not estimate these trees in settling the amount of their verdict; which charge was refused.   The questions arising upon the ruling of the court, are duly presented for revision.

BLISS & BALDWIN, for the plaintiff in error.

1. The statute is a penal law, and must be strictly construed.   It can only apply to an act of trespass done wilfully by the defendant, or some one under him by his directions; or, at most, with gross negligence.   Daggett v. State, 4 Conn. R. 60; Rees v. Emerick, 4 Serg. & R. 289; Myers v. Fos-

ter, 6 Cow. 567; Jones v. Eustis, 2 Johns. 379; Strong v. Stebbins, 5 Cow. 210; Van Valkenburgh v. Torrey, 7 Cow. 252; see Dig. N. Y. Cases, 1066, § 155-6; Ibid. 151, § 2; Dwarris on Statutes, Law Library, vol. 9, top p. 72, marg. 743.

2. That if the timber was cut, &c. by servants, white or black, of the plaintiff in error, who sent them to cut on his own lands, with directions not to cut on the defendant's land, plaintiff in error would be liable, if at all, only to an action on the case, and not being trespasser, would not be liable for the forfeiture imposed by the act above cited. The action, if any, on the facts, should be case, not trespass. Broughton v. Whallon, 8 Wend. 476; McManus v. Cricket, 1 East, 106; Barnes v. Hurd, 11 Mass. 57; Campbell v. Phelps, 1 Pick. 62, 66; Blackburn v. Baker, 1 Ala. N. S. 178-9; 3 Stevens's N. P.

3. The statute penalty can only be imposed for a trespass; the title of the act may be looked to if there is any doubt of its construction. See Laws of Ala., Toulmin's Dig. 362— "an act to prevent unlawful trespasses."

4. The bar of the statute of limitations to criminal prosecutions (Clay's Dig. 481, § 34) opposed the plaintiff's recovery. The general statute does not apply, this action not being founded on contract. If the criminal statute does not apply, then there is no statute of limitations to this action. Being a penal law in its construction, it should also be in its limitation. See 2 Kinne's L. C. 276; 15 Wendell; 1 Bay's R. 63; 2 Tread. Const. 517; 1 Kent, 382. The statute could properly be given in evidence under the general issue. 7 Monroe, 353; 1 Stew. 263; 2 Cranch, 336; Story's Pl. 340, Notes; 2 Saunders's Pl. 331; 2 Ala. 80; 2 Greenleaf Ev. § 284-5; 1 Law Lib. 7; Blanchard on Stat. Law, 191.

METCALFE & STEELE, contra.

The charge asked for by the defendant's counsel was properly refused by the court under the pleadings. The statute of limitations relied on, has no application to this case: it applies exclusively to State prosecutions, and not to civil actions or proceedings.

By reference to the act as found in Aikin's Dig. p. 122, it

will be seen that it was designed to apply exclusively to State prosecutions; and in Clay's Dig. p. 481, § 34, it is equally obvious that such was the only design of the act. Taking the acts together, and keeping in mind ,the subject under consideration before the legislature at the time of its passage, we think it clear, that it was only designed to apply to prosecutions in the technical sense of the term, and has no application whatever to civil actions.

That an action of debt upon a penal statute, is not a prosecution within the meaning of the act relied on, we think equally clear. See on this point Angel on Lim. 304; Clay's Dig. 481; 2 Cowp. 391. If, however, the statute of limitations relied on has any application whatever to the present case, it should have been specially plead. See on this point, Ang. on Lim. 333; 2 Sanders's Rep. 63, note by Williams; 1 Id. 283, note 2 of Williams; 1 Cranch, 343, also 465 in the appendix; 2 Bac. Ab. 292; 2 Mass. T. R. 87; 2 Strange, 701. Besides, the plea is general, applying to all the counts in the declaration. The verdict of the jury is also general upon the entire declaration, and there being a common count in it, the statute relied on can by no possibility have any application to that count—a different statute is provided by law. 1 Dana, 336; 4 Ala. 265; 1 Chitty, 545; 1 Lev. 48; Perkins v. Burbanks, 2 Mass. 81; 3 Ala. R. 103; 2 Dana, 237. The motive, intent and design of the wrong-doer is not material. 1 Chitty, 129. If the injury be the result of carelessness or negligence, the defendant is liable. 1 Chitty, 129; 14 Johnson, 432; 18 Johnson, 288.

It is not necessary, in an action on a statute for a penalty for the defendant below, to know the true owner of the timber. 2 Greenleaf's Rep. 130. And if trespass would lie where a statute imposes a penalty for what was previously a trespass, the action is maintainable in debt on the trespass. 4 Mass. 431.

COLLIER, C. J.—The seventh section of the act of 1807, "to prevent trespasses in certain cases," enacts, "if any person shall cut down, carry away, or destroy, any cypress, white oak, black walnut, pecan, or cherry tree, upon any lands not his own, without first having the consent of the

owner, he shall forfeit and pay the owner thereof ten dollars
for every such tree, so cut, carried away, or destroyed."
Clay's Dig. 581. There can be no doubt that where a sta-
tute imposes a penalty, but omits to prescribe a remedy for
its recovery, that an action of debt will lie at the suit of the
party entitled to it. The material question in the case be-
fore us, is, whether to subject one to liability under the sta-
tute, it is enough to show mistake, or even carelessness. We
think it entirely clear, that the cutting of trees upon anoth-
er's land, under the impression that the party had not gone
beyond his own boundaries, was not within the contempla-
tion of the legislature. Moral justice would forbid any ex-
traordinary infliction in such a case, and the damages recov-
erable at common law, would afford an adequate reparation.
Whether negligence so gross as to indicate an entire reck-
lessness, or indifference to the rights of another, would be a
substitute for actual knowledge, or authorize its implication,
need not be considered. The facts before us show nothing
more than a mere accident or mistake, consistent with hon-
est intention. This construction of the act rests not upon
the mere fitness of the thing, and the suggestions of reason,
but is supported by at least one most respectable adjudication
directly in point. In Batchelder v. Kelly, 10 N. Hamp. R.
436, which was an action under a similar statute to recover
the penalty prescribed for cutting and carrying away trees
on the land of another, the court said, to subject a party
to the penalty; "it must appear that the act was done know-
ingly and wilfully, and not through mistake or accident; in
which latter case the party would be entitled to recover only
the value of the injury he had actually sustained. The gen-
eral tenor of the statute is such, as wholly to preclude the idea
that it was designed to apply to unintentional trespasses."
This latter remark applies with equal justness to our statute.

If the defendant would not be liable if he cut the trees
himself, it is perfectly certain that he cannot be charged if
they were cut by his servants, supposing they were obeying
his instructions, and not intending to trespass on the plain-
tiff's land. It is therefore unnecessary to consider how far,

and under what circumstances, one is liable for the acts of others in his employment, either as slaves or hired servants.

In the case cited, it was held, that where the servant of another by mistake or accident, cut trees beyond the line of his employer, the removal and appropriation of the trees by the master, with a knowledge of such mistake, did not show an original, wilful, and intentional cutting within the statute. " Carrying the timber away," say the court, "might have had some tendency to have convinced the jury, that the defendant was cognizant of, and approved the original cutting; but such would not have been the necessary legal effect of the evidence as a rule of law; and most clearly an affirmance of the cutting in this manner would not have altered the original nature of the act, so as to have rendered that wilful and malicious, that was originally an unintentional and accidental trespass. Could it have had any leaning in this point of view, it would only have been for the consideration of the jury." This view is quite sufficient to show that the charge of the circuit court cannot be supported.

The removal and appropriation of the trees by the defendant, makes him liable to pay for them what they were worth, though he was not aware at the time, that they were cut on the plaintiff's land; and this may be recovered, if the defendant has no available defence in some appropriate form of action.

What we have said, will most probably be decisive of the present case. Whether any, or which of our statutes of limitation can be successfully invoked to bar a recovery in an action on the statute in question, we need not inquire. We have but to add, that the judgment is reversed, and the cause remanded.