## GIVENS v. KENDRICK.

1. If G, intending to commit a trespass on the public lands, by cutting down and carrying away trees, through mistake cuts down trees on the land of K., he is liable to K., in an action of debt, for the penalty imposed by the statute of 1807.

2. The cutting down of trees on the land of another, without his consent, and with knowledge on the part of the trespasser, that the land does not belong to him, is sufficient to subject him to the penalty imposed by the statute of 1807, although the trees may not be carried away. Clay's Digest, 581.

Error to the Circuit Court of Talladega. Before the Hon. George W. Stone.

THIS was an action of debt, for cutting down, and carrying away, thirty pine trees, from off the plaintiff's land, without the consent of the owner.   On the trial, it appeared, that Givens had hired one Davis, to build him two houses, and was to show him public land, on which the timber was to be cut.   The defendant, and Davis went together, and the defendant pointed out the place where the trees were to be cut, and told him that it was public land.   About an hour afterwards, the defendant returned to where Davis was cutting, and told him he had understood that the land where he was cutting belonged to the plaintiff, and that he must move further off.   The trees cut by Davis, were used by him in building the houses for defendant, but the defendant was not at home when they were hauled off the plaintiff's land, nor did he know of the hauling at the time it was done.   Under this proof, the defendant requested the court to charge the jury, that under the pleadings, it was necessary to prove both the cutting, and taking the trees from the land of the plaintiff; which the court refused. · The defendant also requested the court to charge the jury, that if the contract was, that the defendant was to show Davis public land from which to cut the trees, and under this contract, he showed Davis the land of the plaintiff, that the defendant was not liable in this form of action; which the court refused.

To the refusal of the court to charge as asked, the defendant excepted, and now assigns it as error.

L. E. PARSONS, for plaintiff in error.

1. The allegation in the declaration is this: "the defendant cut down and took away;" and the court was asked to charge, that under the pleadings in this case, it was necessary to prove "both a cutting and a taking."   This proof is certainly necessary to sustain the charge in the declaration, and should have been given.   The statute makes the acts of cutting down, taking away, or destroying, separate offences. The plaintiff complains of cutting down and taking away. Clay's Dig. 581.

2. The defendant did not take any away, and "there was positive proof of his being away at the time the trees were

hauled on to his premises, and that he knew nothing of it, or of their being put up. He had, previous to leaving home, told Davis not to cut where he had first shown him, as he had been told that was Kendrick's land. This, then, was not a wilful cutting. Russell v. Irby, 13 Ala. 134. The man Davis was not the servant of Givens in doing this work, except as a contractor; and if he cut on the land of K. after notice, he alone was responsible. Strong v. Stebbins, 5 Cow. Rep. 210.

RICE &. MORGAN, contra.

1. Davis was the agent of the plaintiff in error in cutting the trees, and by the contract, the plaintiff was to show Davis where to cut the timber.

2. The statute is in the disjunctive: cutting trees is an offence of itself; and it is not necessary that the trees should be taken off the land.

3. The case of Russell v. Irby, 13 Ala. Rep. 131, is not in point with this case. There, the party supposed he was cutting the trees on his own land; in this case, Givens went out for the purpose of committing a trespass on government lands, and was only mistaken in committing the trespass on the lands of the plaintiff.

DARGAN, J.—In the case of Russell v. Irby, 13 Ala. 131, we held, that if one by mistake, should go beyond his own boundary, and cut down trees, under the impression he was cutting on his own land, although he was liable for damages at common law, yet he did not incur the penalty imposed by the act of 1807. Clay's Dig. 581. The defendant was excused from the penalty, because he did not intend to commit a trespass, but had done so without intending wrong, or injury to the rights of any one. The case at bar, however, shows, that the defendant intended to commit a trespass on the public, in cutting the trees, but by mistake trespassed on the plaintiff. We can perceive no reason why he should be exempted from the statute penalty. The rights of the public should be regarded by law, with as much care as the rights of an individual; and if the intention had been to commit a trespass on A's land, but by mistake it was com-

Givens v. Kendrick.

mitted on the land of B, we could not protect the defendant for his honest intentions, for he intended a trespass. Nor can he claim protection because he intended a trespass on the public, with any more grace, than if he intended to commit the trespass on the land of an individual, but by mistake went on the lands of one, he did not intend to injure. Both his act, and his intention, were tortious, and he cannot claim exemption from the penalty of the statute.

The plaintiff in error also insists, that the court should have given the charge, " that it was necessary to prove, under the pleadings in this case, both a cutting, and a taking away from the lands of the defendant." We do not well perceive how this charge, if given, could have benefited him, for the record shows, that the proof was full, and ample to show, not only that the trees were cut on the land of the plaintiff, but that they were hauled away, and were used in the building of the house of the defendant. But we are entirely satisfied, that the cutting alone, if done with a knowledge that the party was doing a wrongful act, or that he was cutting trees on land which did not belong to him, is sufficient, and that it is not necessary he should carry them off, in order to subject him to the penalty. The language of the act is, " if any one shall cut down, carry away, or destroy." The design of this act, was to prevent trespasses on the lands of others, and it would be a perversion of the language, as well as of the intent, to hold, that one does not incur the penalty by cutting down alone. The disjunctive " or," is used, and the party may incur the penalty by cutting down, or by carrying away, or by destroying trees, on the lands of another.

There is no error in the judgment, and it must be affirmed.