# Postal Telegraph Co. v. Lenoir.

*Action to Recover Penalty for Cutting Trees.*

1. *Declarations of person professing to act as agent inadmissible without independent proof of authority* —The declarations or conduct of one professing to act as the agent of another cannot be received as evidence against the principal without independent proof of his authority.

2. *Same—case at bar.*—In an action against a telegraph company to recover for the wrongful cutting by it of timber on plaintiff's land, it was error to permit a witness to testify that at the time the line was being constructed the foreman in charge of the work had stated to him that it was being constructed for defendant.

3. *When issue is joined on insufficient plea evidence must be received thereunder.*—However defective and insufficient a special plea may be, if issue is taken thereon, evidence must be received upon it, and it must be submitted to the jury.

4. *In action to recover penalty for cutting trees (Code § 3296) evidence is admissible to rebut wilfulness of cutting.*—In an action against a telegraph company to recover the statutory penalty (Code § 3296) for wilfully and knowingly cutting timber on the lands of plaintiff without his consent, defendant should be allowed to show that the trees in question were cut under the honest impression, on the part of its agents, that they were on land whose owners had given them permission to cut timber.

5. *Code § 3296 strictly construed.*—Code § 3296 prescribing a penalty for wilfully, and knowingly cutting down certain trees of the description therein mentioned is highly penal and must be strictly construed.

APPEAL from the Circuit Court of Washington.
Tried before the HON. JAMES T. JONES.

This was an action brought by the appellee, Melinda L. Lenoir, against the appellant, the Postal Telegraph Cable Company, to recover the statutory penalty for cutting down trees from the lands of the plaintiff, without her consent under section 3296 of the Code of 1886.

The defendant pleaded the general issue and the following special pleas: "2. For further answer to the complaint the defendant says it is and was, at the time of the alleged cutting, a corporation, constructing a line of telegraph wires across the land from which the timber is alleged to have been cut, and cut said timber on the margin of a public or post road or public highway, along which said telegraph line was constructed. "3. For further answer to the complaint the defendant says that its agents, employes and servants were not authorized by it to do the acts complained of in said complaint as herein set forth." Issue was joined upon these pleas, and upon the trial of the cause, as is shown by the bill of exceptions, the plaintiff introduced evidence showing that she held the legal title to the lands upon which the trees alleged to have been cut were growing. The plaintiff as a witness in her own behalf testified as to the number of trees that had been cut, and that she had not given the defendant permission to cut them, nor had she authorized any one else to give permission, "that she did not see the agent or servants of the defendant cut the trees or saplings, nor did she know when it was done, except that it was done in the summer of the year 1893." The plaintiff introduced one John A. Green as a witness, who testified that at the time the telegraph company was erecting its line on the land, he saw a gang of men cutting down the trees and saplings for which this suit was brought, and asked one of them what line of telegraph it was. The witness was then asked by the plaintiff, what reply did the man so addressed make to the question as to what telegraph line he was erecting? The defendant objected to this question, because it called for hearsay evidence, and matter irrelevant and immaterial to the issue. The court overruled the objection, and the defendant duly excepted. The witness then answered that one of the gang answered that it was the Postal Telegraph Company. The defendant moved the court to exclude this answer, upon the ground stated to the objection to the question, but

the court overruled the motion and the defendant duly excepted.

The defendant introduced as a witness in its behalf one J. L. Grantham, who tesified that he was the foreman of the defendant at the time of the construction of its line along the route through the land alleged to belong to the plaintiff; that his instructions from the company were not to construct its telegraph line over the lands of any person, without first obtaining the consent of the owner thereof; that the instructions of the company to him and to each of its employes in the construction of its line were, not to cut away trees or saplings from the lands of any person, without first obtaining the consent of the owner thereof. This witness was then asked by the defendant "If he did not get permission from S. P. Gray and others to construct the line of telegraph across their lands, and to cut down such trees and saplings as might be necessary for such purpose?" The plaintiff objected to this question, on the grounds that the permission to go on the lands of others would not justify trespassing upon the lands of plaintiff. The bill of exceptions recites: "Counsel for the defendant then and there stated to the court that he expected to prove by such witness that he, witness, had obtained permission from the said Gray to go upon his lands and construct defendant's line thereon; and that the said witness had understood and believed, at the time, that he was constructing said line on the lands of the plaintiff, that he was, in fact, constructing the line over the lands of the said Gray. The court sustained the objection of the plaintiff stating that the facts stated by the defendant's attorney were, not proven, and constituted no defense; and to this ruling of the court the defendant then and there excepted." This was substantially all the evidence in the case. There were many charges asked by the defendant, but it is deemed unnecessary to set them out.

There was judgment for the plaintiff and defendant appeals, and assigns as error the ruling of the court upon the evidence, and the refusal of the court to give the charges requested by the defendant.

Gregory L. & H. T. Smith for the appellant.
J. R. & Chas. W. Tompkins for the appellee.

[Postal Telegraph Co. v. Lenoir.]

HEAD, J.—This is an action of debt brought by the appellee against the appellant to recover the satutory penalty for wilfully and knowingly cutting down certain trees on the lands of the plaintiff without her consent. Code, § 3296.

The bill of exceptions contains a very meagre statement of facts, but it purports, nevertheless, to contain all the evidence. It was not shown by any positive testimony at what time or by whom the trees in question were cut. It appears from the testimony of Mrs. LeNoir that they were cut some time in the summer of 1893, and from the testimony of another witness that at the time of the cutting a telegraph line was being erected over plaintiff's land. This witness testified "that at the time the telegraph line was erected on the land of the plaintiff he saw a gang of men cutting down the trees and saplings for which this suit was brought, and asked one of them what line of telegraph it was." The witness was then asked by the plaintiff, against defendant's objection, what reply was made to the question. The court overruled the objection, and the witness said that "one of the gang answered that it was the Postal Telegraph Company." In this ruling there is manifest error. The declaration was not admissible as a part of the res gestae nor was it competent as the declaration of an agent made in the course of his agency. There was no independent proof of the agency or authority of the person who made the statement, and without such proof his declaration was inadmissible. The rule is well settled, that the declarations or conduct of one professing to act as the agent of another cannot be received as evidence against the principal without independent proof of his authority.—Home Protection of North Ala. v. Whidden, 15 So. Rep. 567 ; Buist v. Guice, 96 Ala. 255 ; Talladega Ins. Co. v. Peacock, 67 Ala. 253 ; Calbreath v. Cole, 61 Ala. 139. With this declaration excluded, there is absolutely nothing in the testimony to connect the defendant with the cutting of the trees in question, unless it be the single fact, that the company which owned the line of telegraph wires across the land of Mrs. LeNoir, was the Postal Telegraph Cable Company. It is apparent, therefore, that the giving of the affirmative charge for the plaintiff, was error, for which the judgment must be reversed.

[Postal Telegraph Co. v. Lenoir.]

As the cause is to be remanded, we will state the principles which control the case, and which will dispose of all the questions that are likely to arise on another trial. It should be remarked in the first place, that however defective and insufficient the second and third pleas may have been, if issue was taken thereon, and the averments of either plea were proven, the defendant was entitled to a verdict. As was said in *McKinnon v. Lessley*, 89 Ala. 625, "The doctrine is too well settled and has been too long established in this court to be now questioned, that if the parties make up a false issue evidence must be received upon it, and it must be submitted to the jury." On the trial in the lower court there was evidence tending to establish the truth of the third plea, and it should have been left to the jury to say whether it was proven to their reasonable satisfaction.

The defendant should be allowed to show, if it can, that the trees in question were cut under the honest impression on the part of its agents or servants, that they were on the land of Gray or other parties who had given them permission to cut down on their lands such trees as might be necessary for the proper construction of the telegraph line. The statute under which this action is brought being highly penal must be strictly construed. *Grooms v. Hannon*, 59 Ala. 510; *Russell v. Irby*, 13 Ala. 131; *Bettis v. Taylor*, 8 Port. 564.

In the case of *Russell v. Irby*, 13 Ala. 131, which has been many times cited in the subsequent decisions of this court, it was held that the statute does not extend to a case where, by mistake, the party goes beyond his own boundary and is under the impression that he is cutting on his own lands. In the opinion, the following language taken from the case of *Batchelder v. Kelly*, 10 N. H. 436, based on a similar statute, was quoted with approval: "It must appear that the act was done knowingly and willfully, and not through mistake or accident, in which latter case the party would be entitled to recover only the value of the injury he had sustained. The general tenor of the statute is such as to wholly preclude the idea that it was designed to apply to unintentional trespass." This latter remark, it was held, applies with equal justness to our statute.

While the witness, Grantham, may not be allowed to testify in terms that he honestly believed or supposed

[Louisville & Nashville R. R. Co. v. Binion.]

that the trees cut were on the lands of Gray or other parties who had given the consent above mentioned, all the circumstances of the transaction going to establish such facts may be given in evidence, and it will be for the jury to determine, under proper instructions from the court, whether defendant's agents and servants knowingly and wilfully cut the trees, or whether they cut them under the honest belief that the owner of the land had given them permission to do so.

To guard against any misconception, we add, that the acts of defendant's agents and servants, in the prosecution of the business for which they were employed and in the general line of their authority, were the acts of the defendant itself. The relation of agency, however, must be established by him who asserts its existence.

For the errors mentioned the judgment is reversed and the cause remanded.