# Glenn *v.* Adams.

*Action to recover Statutory Penalty for cutting Trees from Land of Another.*

1. *Statutory penalty for cutting trees from land of another; when defendant not liable.*—One who cuts trees on the land of another, but who at the time of such cutting is under the honest belief that the land is his own, or that it is the land of a third person who has consented to such cutting on his land, is not liable for the penalty prescribed by statute (Code, § 4137).

2. *Same; charge of court to jury.*—In an action to recover the statutory penalty for cutting trees from the land of another, where the evidence tends to show that at the time of the cutting the defendant believed that the land from which the trees were cut belonged to a third party who had instructed him to cut said trees, a charge is properly refused which instructs the jury that if they "believe from the evidence that the defendant cut the trees charged in the complaint willfully and knowingly, without plaintiff's consent, then the verdict must be for the plaintiff;" such charge being misleading and failing to hypothesize that the defendant willfully and knowingly cut trees on plaintiff's land without her consent.

APPEAL from the Circuit Court of Henry.

Tried before the Hon. J. W. FOSTER.

This action was brought by the appellee, Lucy W. Adams, against the appellant, James A. Glenn, and G. T. Dannelly, to recover the statutory penalty for knowingly entering upon lands of the plaintiff and willfully cutting pine trees thereon, without the consent of the plaintiff. The defendants pleaded the general issue and the cause was tried upon issue joined upon this plea.

The evidence on the part of the plaintiff tended to show that the lands on which the trees were cut belonged to the plaintiff; that they were cut by the defendants or their employees under their instruction, and that she had never given them consent to cut the trees from her said lands.

The evidence for the defendants tended to show that the defendant Glenn had instructions from one Reed to cut the timber from his lands, and that Glenn pointed out the land upon which the cutting was done to his co-defendant Dannelly, and told him that it was Reed's land, and he had instructions from Reed to cut the trees therefrom; that the trees were cut from the lands so pointed out by the employees of the defendant, and that at the time of pointing out the lands and of cutting the trees, Glenn believed that it was Reed's land from which he had instructed his co-defendant to have the trees cut and from which the trees were cut.

Upon the introduction of all the evidence the court, at the request of the plaintiff, gave to the jury, among others, the following written charge: (3.) "If the jury believe from the evidence that the defendants cut the trees charged in the complaint willfully and knowingly without plaintiff's consent, then their verdict must be for the plaintiff." The defendants separately excepted to the giving of each of the charges requested by the plaintiff, and also separately excepted to the court's refusal to give the following charge requested by them: (2.) "If the jury believe from the evidence that the defendants entered upon the land of plaintiff and cut trees growing thereon under the honest impression that it was the land of another who had given Glenn per-

mission to cut down such trees on his land, then they must find for the defendants."

There were verdict and judgment for the plaintiff against Glenn, and a verdict and judgment in favor of the defendant Dannelly. The defendant Glenn appeals, and assigns as error the giving of the several charges requested by the plaintiff, and the refusal to give the charge requested by the defendants.

H. A. PEARCE, for appellant.—The statute being penal must be strictly construed. Proof that defendants at the time of the cutting were under the honest impression that they were on lands of the party that had given permission to cut timber on their land is a complete defense.—*Postal T. C. Co. v. Lenoir*, 107 Ala. 640; *Russell v. Irby*, 13 Ala. 131.

No counsel marked as appearing for appellee.

McCLELLAN, C. J.—One who cuts trees on the land of another, but who at the time is under the honest belief that the land is his own, or that it is the land of a third party who has consented to such cutting on his land, is not liable for the penalty prescribed by section 4137 of the Code.—*Russell v. Irby*, 13 Ala. 131; *Postal Telegraph Co. v. Lenoir*, 107 Ala. 640; *Williams v. Hendricks*, 115 Ala. 277. The 2d charge requested by defendant should, therefore, have been given.

Charge 3 given for plaintiff when referred to the evidence is, to say the least, misleading. A. may willfully and knowingly cut trees which are in fact on the land of C. and without C.'s consent, and yet not incur the statutory penalty, if he did not know it was the land of C. but supposed it was his own, or that it was D.'s, and D. had consented to A.'s cutting trees off his land. The charge should have hypothesized that the defendant willfully and knowingly cut trees *on plaintiff's land* without her consent.

Reversed and remanded.