# Webb & Bros. *v.* Story.

## *Trespass to Land.*

(Decided December 18, 1913.   64 South. 153.)

1. *Highways; Prescription; Dedication.*—A road may be established and become such either by prescription or dedication, as well as by an order of the Commissioner's Court, and hence, subject to repair as such.

2. *Trespass; Repairing Roads; Commissions.*—Under section 6035, Code 1907, for damages for destruction of trees and saplings, brought against the overseer, the commission to defendant as overseer on the road, which plaintiff claimed was his private property and not a public road, and a paper showing the authority of the apportioner to issue commissions, were both admissible for the purpose of showing defendant's good faith and honest intention.

3. *Same; Instructions.*—In trespass against a road overseer it was not error to refuse to instruct the jury that the order of the commissioner's court would be no excuse for defendant entering on plaintiff's land, and that an order to open a road would be void unless viewers were appointed and damages assessed in the absence of an order establishing the road, as the refusal of abstract charges cannot be made the basis of error.

4. *Same.*—Where the action was under section 6035, Code 1907, against a road overseer for the destruction of trees and saplings on a road which plaintiff claimed was his private property, and the question of defendant's good faith was put in issue,. a charge asserting that the appointment of defendant as overseer would furnish no excuse for cutting the trees, was properly refused.

APPEAL from Cherokee Circuit Court.

Heard before Hon. W. W. HARALSON.

Trespass by J. T. Webb & Bros. against W. M. Story. Judgment for defendant, and plaintiff appeals. Affirmed.

The facts sufficiently appear from the opinion. The following charges were refused to plaintiff: "(1) The court charges the jury that, if an order has been made by the commissioners' court of this county to open the road in question, such order would not authorize this defendant to go upon the lands of plaintiff and cut the

trees of plaintiff, although he was acting as overseer of the road. (2) The court charges the jury that an order of the commissioners' court to open a public road would be absolutely void unless viewers were appointed and damages assessed for the land taken and paid into court for the landowner, and a mere order to open the road would not excuse the oveseer in going on the lands of plaintiff and cutting trees thereon. (3) The court charges the jury that the appointment of the defendant as overseer of the road in question would furnish no excuse for the cutting of the trees in question in this case."

HUGH REID, and DORTCH, MARTIN & ALLEN, for appellant. Defendant knew that his commission was void and gave him no authority to trespass upon appellant's land, and hence, the commission was not evidence, and was no defense to the action.—*Allison v. Little,* 85 Ala. 517; *L. & N. v. Hill,* 115 Ala. 351; 37 Cyc. 40; 180 U. S. 92; *Gosden v. Williams,* 151 Ala. 592; *Troup v. McDonald,* 120 Ala. 204. It follows that the court was in error in the admission of evidence, and in refusing the charges requested by appellant.

McCONNELL & O'CONNOR, for appellee. There is no error in the record and the cause should be affirmed.— *Forney v. Calhoun County,* 84 Ala. 220; *Steele v. Sullivan,* 70 Ala. 589; *Rosser v. Bunn, et al.,* 66 Ala. 94; *Pos. T. Co. v. Lenoir,* 107 Ala. 644; *Glenn v. Adams,* 129 Ala. 190; sec. 6035, Code 1907, and authorities there cited.

McCLELLAN, J.—This action, by appellants against appellee, was originally and as amended stated in four counts, consecutively numbered. Count 1 was stricken

on demurrer. Count 2 complained of trespass to plaintiffs' lands, describing them. Count 3 was drawn to state a cause of action under Code, § 6035, for damages for the destruction of trees and saplings. Count 4 declares as for a willful and wanton trespass upon the lands described in the second count, and for cutting timber and ditches thereon. To the complaint as a whole the defendant interposed special plea 2, in addition to the general issue. In the body of the special plea it is averred: "That he (defendant) did cut some trees on the lands described on a road which was a public road either by prescription or dedication on order of the court of county commissioners of Cherokee county, Ala., while action (acting) as road overseer in said road in Cherokee county, Ala., that he only cut such timbers as was in the right of way of said road and which were necessary in order to properly work said road and in accordance with his duty as road overseer on said road."

The assignment of error predicated of the action of the court in overruling the demurrer to special plea 2 is without merit. The demurrer to the special plea contained three grounds, viz.: It is not averred that the road was ever established by order of the commissioners' court; it is not averred that the road was a public road subject to be worked; and the third ground merely reiterated the first ground. It is manifest none of the stated grounds were well taken. A public road may be established and become such, of course by prescription (*Jones v. Bright,* 140 Ala. 268, 37 South. 79), or by dedication (*Moragne v. Gadsden,* 170 Ala. 124, 54 South. 518), in addition to its establishment by order of the commissioners' courts. The plea embraced the three alternatives. The sufficiency vel non of the averments of the character of the road, or of its averred ap-

propriation by the public so as to vest the right thereto under the doctrine of prescription, or of the manner of dedication, were not tested by the demurrer.

Under the pleading and the evidence it was a question for the jury whether there had been a dedication, or the investment of right in the public by prescription, of or to the way involved. There was no evidence that the way was a public road by virtue of the order of the commissioners' court.

If it were assumed that Story as overseer was without lawful authority to enter and clear and ditch as he did, the matter of his good faith and honest intention was of the issue arising under count 3.—*Postal Telegraph Co. v. Lenoir,* 107 Ala. 640, 18 South. 266; *Glenn v. Adams,* 129 Ala. 189, 29 South. 836. The alleged commission, as overseer on this road, delivered to him by the apportioner, was at least admissible under this feature of the issues. Whether, in the circumstances some of the evidence shows, it was taken or secured or acted under in good faith and with honest intention, was a matter for the jury to consider and determine. The objection to the admission in evidence of this paper did not seek to thus limit its effect; it went to the general admissibility of the paper. The court did not err in admitting the alleged commission. There was likewise no error in admitting the evidence (paper) of Nelson's authority as apportioner. It was from or through him the alleged commission to Story came.

Special charges 1 and 2, refused to plaintiffs, were abstract, for that, it was affirmatively proven that no order of the court, establishing this as a public road, was ever entered. The refusal of an abstract charge cannot be the basis for error.

Special charge 3, refused to plaintiffs, was properly refused under the issues tendered by count 3—that for

the statutory penalty for cutting trees, etc. As has been stated, the alleged commission to Story was a proper element of evidence on the question of good faith and honest intention.

There is no merit in the error assigned and urged in brief for appellants. We cannot consider any others.

The judgment is affirmed.

Affirmed.

ANDERSON, SAYRE, and SOMERVILLE, JJ., concur.