(83 South. 568)

ELLARD v. GOODALL. (2 Div. 684.)

(Supreme Court of Alabama. Nov. 27, 1919.)

1. TIME ⬅⟶13—FILING OF BILL OF EXCEP-
TIONS WITHIN NINETY-DAY PERIOD NOT AF-
FECTED BY DAYLIGHT SAVING ACT.

A 90-day period (Code 1907, § 3019) not
shortened by Daylight Saving Act gives an
appellant 90 days of 24 hours each in which to
present to the presiding judge the bill ot ex-
ceptions, and Act Cong. March 19, 1918 (U. S.
Comp. St. 1918, Comp. St. Ann. Supp. 1919,
§§ 8907r–8907u), which advanced the clock one
hour a day during the summer months, did not
shorten the 90-day period, and, where bill of
exceptions is presented within the full 90
days of 24 hours each, it will not be stricken
because it was presented a few minutes after
expiration of that time according to the na-
tional time.

2. EASEMENTS ⬅⟶44(1)—GRANT OF WAY TO
TIMBER GRANTEE EASEMENT ONLY.

Where a timber deed gave the grantee all
and complete rights of ingress and egress on
the land to cut and carry away the timber on
same, the deed vested in the grantee only ease-
ment of right of way and gave him no title to
or interest in the soil over which the easement
was granted.

3. EASEMENTS ⬅⟶44(1)—EXTENT OF EASEMENT
GRANTED BY TIMBER DEED.

Where a timber deed giving easements of
ingress and egress did not name the easements,
they were such as were reasonably necessary to
enable the grantee to enter, cut, and remove
the timber, etc.

4. EASEMENTS ⬅⟶53—EXTENT OF RIGHT OF
WAY GRANTED BY TIMBER DEED.

Where a timber deed gave the grantee
easements of ingress and egress, the grantee of
such easement of way may enter the land, con-
struct and repair the way, level the soil, re-
move impediments, etc.

5. EASEMENTS ⬅⟶44(1)—GRANTEE OF EASE-
MENT CANNOT USE TIMBER OUT OF RIGHT OF
WAY FOR CAUSEWAY PURPOSES.

Where a timber deed excluded pine trees or
saplings under 12 inches at the ground, the
grantee who was given the easement of ingress
and egress to cut and remove the timber can-
not for the purpose of constructing a causeway
over a swamp use trees found on another part
of the lands which fell within the exception.

6. TRIAL ⬅⟶143—WHERE EVIDENCE CON-
FLICTS, QUESTION IS FOR JURY.

Where the evidence on issue is conflicting,
question is for the jury.

7. TRESPASS ⬅⟶25—CONSENT PREVENTS RE-
COVERY.

Where the owner of timber lands consented
to the grantee's cutting of trees excluded from
the grant, there can be no recovery of dam-
ages, statutory or otherwise, for the trespass
and conversion.

8. TRESPASS ⬅⟶63—STATUTORY PENALTY NOT
RECOVERABLE FOR CUTTING UNDER HONEST
BELIEF.

Where a grantee of specified timber, for
the purpose of making a causeway over a
marsh, used smaller trees which were excluded
from the grant under the honest belief that
he was entitled to use them, there can be no
recovery of the penalty prescribed by Code
1907, § 3065.

9. EVIDENCE ⬅⟶448—PAROL EVIDENCE NOT
ADMISSIBLE TO SHOW THAT SOME TIMBER OF
THE KIND AND SIZE INCLUDED WITHIN DEED
WAS IN REALITY EXCLUDED.

Where a timber deed included all the gum
16 inches and upwards measured at the ground,
parol evidence is inadmissible to show that
some gum trees of the description or that
size were not included; the terms being entire-
ly unambiguous.

Appeal from Circuit Court, Perry County;
B. M. Miller, Judge.

Action by D. H. Ellard against Thomas
Goodall for damages for the statutory pen-
alty for cutting trees, conversion of certain
trees, and for trespass upon land. Judgment
for defendant, and plaintiff appeals. Re-
versed and remanded.

R. B. Evins, of Greensboro, and A. W.
Stewart, of Marion, for appellant. The act
of Congress advancing the time one hour
could not operate to deprive the plaintiff of
the full 90 days allowed by our statute for
presentation of bill of exceptions. Counsel
discussed the other assignments of error, but
without citation of authority.

Lavendar & Thompson, of Centerville, for
appellee. The statute as to cutting trees is
highly penal and must be strictly construed.
Code 1907, § 6035; 107 Ala. 640, 18 South.
266; 195 Ala. 56, 70 South. 157; 30 A. & E.
Ency. of Law, 530; 141 N. Y. 538, 36 N. E.
593; 93 Mich. 450, 53 N. W. 617, 18 L. R. A.
42; 13 Ala. 131; 15 Ala. 650. Clause 2 in the
deed gave defendant the right to do what
he did. 80 Ala. 410; 137 Ala. 553, 34 South.
1004; 10 A. & E. Enc. of Law, 411. All gum
trees were included. 202 Ala. 665, 81 South.
621. There could be no recovery under the
trespass of conversion. 82 South. 341.

McCLELLAN, J. [1] Judgment was en-
tered on March 19, 1918. The bill of excep-
tions was presented to the presiding judge
on June 17, 1918, "at 11:15 p. m. Central
standard time and 12:15 a. m. June 18, 1918,
present national legal time." U. S. Stat. at
Large, vol. 40, pp. 450, 451 (U. S. Comp. St.
1918, U. S. Comp. St. Ann. Supp. 1919, §§
8907r–8907u). The motion to strike proceeds
on the theory that the bill of exceptions was
not presented within 90 days after judgment

entered as required by Code, § 3019. As appears, the bill was presented 45 minutes before the expiration of the ninetieth day if measured by central standard time, but its presentation was 15 minutes late if measured by the time defined by the act of Congress, above cited, approved March 19, 1918. Our statute (Code, § 3019) accords an appellant 90 days of 24 hours each in which to present to the presiding judge the bill of exceptions. The mentioned act of Congress did not effect a repeal or modification of the period fixed by our Code, § 3019, for the presentation of bills of exceptions. It was not so designed. To give that act such operation and effect as this motion to strike contemplates would involve the affirmation that this appellant had been thereby deprived of one hour of the time our statute accorded him in which to present his bill of exceptions. The motion to strike must therefore be overruled.

At the time the instrument to be quoted (in presently material part) was executed, April 30, 1915, the plaintiff, appellant, was the owner in fee of a large body of partially timbered land in Perry county. On that date the plaintiff executed to the defendant (appellee) a warranty deed conveying, with exceptions not necessary now to be stated, this property:

"All the oak (all the varieties), cypress, pine, gum, ash, hickory, poplar, maple, and sycamore. The dimensions of the oak, cypress and gum to be 16 inches in diameter and upwards, measured at the ground, the dimensions of the pine, 12 inches, upwards, measured at the ground," standing on his land.

Embodied in the instrument, which required removal of the timber so conveyed within a stipulated period of five years, were these, among other provisions:

"It is mutually understood and agreed however, between the parties to this instrument that the foregoing conveyance is coupled with and governed by the following stipulations:

"(1) The grant [grantee] herein takes no title to ground or soil, but only to the timber as hereinabove described.

"(2) To enable said grantee to cut and carry away, or cut, manufacture into timber or other timber products and remove same, said grantee is to have all and complete rights of ingress and egress upon the land mentioned above.

"(3) That said grantee or his successors or assigns shall not trespass upon any crops growing up [upon] the above-mentioned land.

"(4) Said grantee shall have the right to erect upon the said lands hereinbefore described, suitable houses, barns, stables, sawmill or commissary to be used in or about the cutting and hauling or manufacturing of the timber cut under the terms of this contract, the sites for the same to be mutually agreed upon by the parties to this instrument, and at the expiration of this agreement said grantee shall, at his option have the right to remove any improvements which he has placed or caused to be placed upon said lands hereinbefore described.

\* \* \* \* \* \* \* \*

"(6) It is agreed and understood by the parties to this instrument, D. H. Ellard shall have the right to cut, utilize or remove any timber lying upon the ground at the date of the execution of this contract.

\* \* \* \* \* \* \* \*

"(8) It is expressly agreed that this instrument does not convey the pine timber on ten acres of land, more or less, lying in the extreme northwestern part of the said Dozier land, said timber having been heretofore inspected and marked by the grantee and D. H. Ellard."

[2, 3] The plaintiff's (appellant's) case was submitted to the jury on the issues made by the averments of several counts claiming the statutory penalty (Code, § 6035) for the destruction of trees, etc.; by the averments of two counts charging a wrongful taking or conversion of certain trees or saplings; and by two counts in trespass upon the lands described in the complaint. The principal defense interposed was predicated on the right or interest provided for in subdivision 2, quoted ante; the defendant asserting that, in order to avail of the property (the timber) thus conveyed to him and to enjoy the privileges accorded him, he was entitled to use some of the smaller timber on the land to construct a causeway across marsh land in order to render available the right or interest secured to him by subdivision 2, ante. The instrument, with particular reference to the subdivision just mentioned, vested in the grantee, defendant, an easement only, passing to him no title to or interest in the soil over which the easement was granted. Long v. Gill, 80 Ala. 408, 410; Washburn on Easements (4th Ed.) pp. 10, 11; San Francisco v. Calderwood, 31 Cal. 585, 91 Am. Dec. 543; 9 R. C. L. pp. 784, 785; Emans v. Turnbull, 2 Johns. (N. Y.) 313, 3 Am. Dec. 427; Herman v. Roberts, 119 N. Y. 37, 23 N. E. 442, 7 L. R. A. 226, 16 Am. St. Rep. 800; Atkins v. Bordman, 2 Metc. (Mass.) 457, 37 Am. Dec. 100. The location and width of the easement not being defined, these features of the right are and were such as are or were reasonably necessary to enable the grantee to effect the purpose designed to be subserved in granting the easement. Atkins v. Bordman, 2 Metc. (Mass.) 457, 37 Am. Dec. 100, 106; Long v. Gill, supra. The purpose unequivocally expressed in definition of the right given was that the easement should be such as to enable the "grantee to cut and carry away, or cut, manufacture into timber or other timber products and remove" the standing timber conveyed by the instrument. In Atkins v. Bordman, supra, it was remarked that the definition of the purpose of the grant of the instrument was an element of distinct aid to the court in ascertaining the dimensions

and the location thereof. To effect the purpose entertained by these parties, the easement granted comprehended "all and complete rights of ingress and egress upon the land" described in the instrument, and under it the grantee became entitled to such way or ways as should be reasonably necessary for the employment of all the means usually adapted to the cutting, manufacturing into timber or other timber products, and removing the standing timber on the land described in the instrument. Lyman v. Arnold, 5 Mason, 195, Fed. Cas. No. 8,626, and Atkins v. Bordman, supra, among others before cited.

[4, 5] The particular inquiry presented by the defense indicated turns upon the "extent" of the right of the grantee (defendant) to incidental aids—derived from the subject of the easement—to the perfection and enjoyment of the easement granted. The undisputed evidence shows that to causeway a marsh was absolutely essential to the removal of the timber conveyed by the instrument quoted. The defendant cut and put into this necessary causeway a number of pine trees or saplings under 12 inches at the ground. As we understand the evidence, a large part, if not all, of these pine trees and saplings were cut outside the causeway route —on a hillside not shown to be within the line of the located right of way or ways over which the timber was removed. It was indisputably proven that the pine thus taken and applied was not removed from the land; that it was not otherwise appropriated by the owner of the easement. The trial court entertained and enforced the view that the instrument granting the timber and expressly investing the grantee (defendant) with the right or rights of way to remove and manufacture the timber clothed the grantee with the right to take from the land, without territorial limit, sufficient pine, as well as other suitable trees and saplings to construct the necessary causeway across the marsh. It is clear from the terms employed in this instrument that the grantor (plaintiff) effectually excepted from the grant the pine growth under 12 inches at the ground. On the other hand, the writing is not definite either in respect of the location or width of the way or ways, for the purpose expressly stated in the instrument, or with respect to the incidental aids that the grantee might avail of in perfecting and enjoying the easement granted in avowed promotion of the grantee's availment of the timber conveyed and to be removed and manufactured. Since the instrument did not define the relative rights of the parties in these particulars, it seems necessary to have recourse to general rules of law in determining the question stated.

In the authorities before cited, among others, will be found adequate treatment and statement of the law of the general subject. It is not essential at this time to attempt a complete reiteration of the pertinent general principles and doctrine. It has been often declared that the grantee of an easement of way, of this character, may enter the land, construct and repair the way, break up and level the soil, fill up depressions, blast rocks, remove impediments, and supply deficiencies. Herman v. Roberts, supra; Jones on Easements, § 817, and other authorities supra. Under the terms of this instrument, it is to be implied that the grantee should enjoy these rights. Within their category, undoubtedly the grantee was entitled to remove, within the line of the way or ways reasonably necessary to effect the purpose defined, any trees in order to perfect the enjoyment of the road way or ways, though the title to such trees remained in the grantor. Lyman v. Arnold, Fed. Cas. No. 8,626, 5 Mason, 195, 200. There is not, however, any warrant in the terms of the instrument, or in any implication to be deduced therefrom, for the conclusion that the grantee, owner of the easement, was authorized or entitled to cut trees, not within the timber grant, beyond the confines of the way or ways reasonably necessary to accomplish the purpose in granting the easement. There is nothing in the instrument, itself, indicating an intent to clothe the grantee with the right or privilege of cutting trees or saplings—not within the timber grant—on the land outside of the way or ways reasonably necessary to enable the grantee to avail of the timber granted to him. To read the instrument to a different effect, in this particular, would result in the unwarranted interpretation of a grant not expressed in the instrument and, further, in the recognition of a material qualification, not expressed, of the instrument's distinct exclusion from the sale of pine trees or saplings under 12 inches at the ground. As for trees or saplings within the way or ways over which the timber granted was to be or was removed, different considerations are involved. These trees or saplings the grantee had a right to fell, and to appropriate to the construction of such suitable way or ways over the marsh as were reasonably necessary to remove the timber granted. That the grantee might have used earth or stone found on or in such way or ways to make a suitable way or ways over the land, including the marsh, cannot be doubted, being implied from the grant itself and the purpose it was designed to subserve. The application of the principle is, at least in a sense, illustrated in the recent pronouncement by this court in Sou. Ry. Co. v. Clarke, 82 South. 516, in response to rehearing, on page 519, ante, p. 248.

It results from these considerations and the conclusions prevailing here, that prejudicial errors underlie the action of the court below, for which reversal must enter.

[6, 7] Apart from the terms of the instrument, to which alone we have had reference up to this point, the defendant presented evidence, legally admissible, tending to show plaintiff's consent to the cutting of the pine (under 12 inches at the ground) for use in laying the causeway over the marsh. There was conflict in the evidence on this phase of the issue, and the solution of it was for the jury. Of course, if the plaintiff consented to the cutting and appropriating of the pine to the making of the causeway, the plaintiff could not recover on any count of the complaint.

[8] Under the counts claiming the statutory penalty (Code, § 6035) for cutting down, etc., certain trees or saplings, no recovery can be had unless the wrongful act or appropriation was done "willfully and knowingly, without the consent of the owner." Russell v. Irby, 13 Ala. 131; Glenn v. Adams, 129 Ala. 189, 29 South. 836, among others. Honest belief, honestly entertained, in cutting, etc., timber, is inconsistent with the design of the cited statute, rendering it inapplicable and avoiding its penalty.

[9] Parol evidence was inadmissible, and should not have been received, to contradict the effect of the terms of the instrument wherein it unequivocally granted "all the * * * gum 16 inches and upwards, measured at the ground." The instrument, in this particular, would be subjected to unwarranted contradiction by parol evidence if such evidence was received to show that only some, "not all," as the terms of the writing broadly indicate, of the gum of the dimension stipulated was granted to the defendant. The word "gum," descriptive of a kind of timber, is not of doubtful significance in this writing. The grant was of "all" gum, 16 inches and upwards at the ground, and the parties must be conclusively held to have intended what these words so indubitably mean.

The judgment is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and THOMAS, and BROWN, JJ., concur.