324 So.2d 279

John VICK et al.

v.

Solomon TISDALE et al.

Civ. 575.

Court of Civil Appeals of Alabama.

Oct. 29, 1975.

Rehearing Denied Nov. 26, 1975.

James M. Prestwood, Andalusia, for appellants.

W. Sidney Fuller of Tipler, Fuller & Barnes, Andalusia, for appellees.

HOLMES, Judge.

This is an appeal of a jury verdict and judgment thereon from the Circuit Court of Covington County. Damages of $5,090 for the wrongful cutting of plaintiffs' trees were assessed against the defendant-appellants.

The dispositive issues on this appeal are whether there is evidence to support the jury's finding as to the fair market value of the trees and whether the cutting was willfully and knowingly done in violation of Tit. 47, § 272, Code of Ala.1940.

The tendencies of the evidence as revealed by the record indicate the following:

Defendant-appellant Ray Hitson was instructed by the other appellants to cut timber in a thinning out operation on land which was ostensibly the property of the Dixon Lumber Company. Defendant Hitson was also instructed by the other appellants to use an ownership map, known as an Espy map, found on the wall of the Dixon Lumber Company's offices to guide him as to where he should cut. The same map was also to be found on the wall of the Covington County Tax Assessor's office where it was extensively used by the citizens of Covington County. The map was made prior to the instant cutting operation and under one view of the evidence was approximately three years old.

Defendant Hitson did not inquire of the personnel of Dixon Lumber Company concerning their ownership of the land on which he was to cut, nor did he examine any recorded deeds or plats. Relying solely on the Espy map, he proceeded with the cutting operation. It developed that the map was erroneous and that the trees felled by Hitson were in fact located on land owned by the plaintiffs.

The plaintiff-appellees instituted this action, claiming compensatory damages of $2,500 for the loss of the trees, and $10,000 as a statutory penalty under Tit. 47, § 272,

Code of Ala.1940. The defendants prosecute this appeal from the aforementioned adverse verdict of $5,090.

The fact of the cutting being admitted by defendants, the only issues in the cause below, as agreed by the parties and stated in the pretrial order of the court, were the fair market value of the trees and whether the cutting was willfully and knowingly done in violation of Tit. 47, § 272, of the Code.

■ We initially note that the testimony regarding the number of trees cut and their fair market value was in dispute. Numbers varying from 409 to 509 were advanced, as were values ranging from $320 to $2,500. The resolution of conflicting evidence is the province of the jury. *Merchants Bank v. Cotton,* 289 Ala. 606, 269 So.2d 875. There is evidence to support the jury finding the fair market value of the cut timber to be $2,500 as prayed for in appellee's complaint.

Inasmuch as only $2,500 compensatory damages were sought by appellees, the remainder of the $5,090 verdict is an award of the statutory penalty pursuant to Tit. 47, § 272, Code of Ala.1940.

Appellants specifically contend that the court below erred to reversal in denying their motion for a directed verdict, in that there is no evidence that the cutting was willfully and knowingly done as required by the statute. For reasons which we shall now state, we agree.

Tit. 47, § 272, Code of Ala.1940, states as follows:

"Damages for destruction, injury, or removal of trees.—Any person who cuts down, deadens, girdles, boxes, or destroys, or takes away, if already cut down or fallen, any cypress, pecan, oak, pine, cedar, poplar, walnut, hickory, or wild cherry tree, or sapling of that kind, on land not his own, wilfully and knowingly, without the consent of the owner of the land, must pay to the owner twenty dollars for every such tree or sapling; and for every other tree or sapling not hereinbefore described, so cut down, deadened, girdled, boxed, destroyed, or taken away by any person, he must pay to such owner the sum of ten dollars. Actions under this section may be joined with actions for trespass, for cutting, injuring, or removing timber."

The pivotal consideration in the instant case is the construction to be placed upon the statutory language "wilfully and knowingly."

■ It is indeed a hoary maxim of statutory construction that penal statutes, as is § 272, are to be strictly construed. *Postal Telegraph Co. v. Lenoir,* 107 Ala. 640, 18 So. 266; *White, McLane & Morris v. Farris,* 124 Ala. 461, 27 So. 259. The terms "wilfully" and "knowingly" are said to denote an intention to produce the result which actually comes to pass, and to be mutually exclusive with the term "negligence." *Words & Phrases,* Vols. 23A and 45. The case law history of § 272 is consonant with this construction. *Russell v. Irby,* 13 Ala. 131; *Postal Telegraph Co. v. Lenoir, supra; Glenn v. Adams,* 129 Ala. 189, 29 So. 836. In *Russell, supra,* the court said, with reference to a similar New Hampshire statute:

"'The general tenor of the statute is such, as wholly to preclude the idea that it was designed to apply to unintentional trespasses.' This latter remark applies with equal justness to our statute." (13 Ala. at 135)

*Russell* was the first case to construe what is now § 272, and it has been quoted with approval since its rendering in 1848.

We further note that the imposition of a penalty would seem to be addressed to conduct more opprobrious than mere negligence, which is remedied by compensatory damages alone.

If, then, one does not in fact intend to cut the trees of another without his consent, it follows that there would exist a defense to § 272. *Glenn v. Adams, supra; Ellard v. Goodall,* 203 Ala. 476, 83 So. 568; *Long v. Cummings,* 156 Ala. 577, 47 So. 109. The court in *Ellard* stated that, "Honest belief, honestly entertained, in cutting, etc., timber, is inconsistent with the design of the cited statute, rendering it inapplicable and avoiding its penalty." (203 Ala. at 479, 83 So. at 571).

Able counsel for appellees cites the cases of *Allison v. Little,* 85 Ala. 512, 5 So. 221; and *Louisville & Nashville Railroad Co. v. Hill,* 115 Ala. 334, 22 So. 163, in support of the proposition that negligently obtaining information from third parties as to where to cut will support imposition of the § 272 penalty. In these cases, the defendants intended to cut the plaintiffs' trees, credulously assuming that third parties could authorize them to do so. These defendants had, under the circumstances of these cases, no reasonable basis for their belief that their cutting was authorized.

The lack of a reasonable basis for one's belief that cutting is authorized, whether that belief be in the existence of a privilege to cut the trees of another or in the assumption the trees are in fact one's own, may suffice to impose the § 272 penalty. However, if the basis for good faith cutting be unreasonable, but only insofar as to constitute ordinary negligence, § 272 can have no application in view of the plain meaning of its language and its case law history, as discussed, *supra.* On the other hand, if the basis for a belief that the cutting is authorized be so patently unreasonable as to constitute a reckless disregard for the ownership of the trees, we deem § 272 would be applicable.

Reckless conduct can be considered as sufficiently reproachful to place it within the intent of the penal statute, and as such it is constructively willful and knowing. There can be no meaningful distinction between him who intentionally cuts the trees of another without his consent and him who cares not whose trees he cuts. To hold that such a distinction exists would be blatantly unreasonable and would except from the ambit of the statute's deterrent power conduct which manifestly belongs within it. For a discussion of the mental attitude required by such statutes, see Anno. 111 A.L.R. 79 at p. 82.

In stating that reckless conduct would be addressed by § 272, we answer in the affirmative the following *quaere* posed in *Russell v. Irby, supra,* and left unanswered in the ensuing 127 years:

"Whether negligence so gross as to indicate an entire recklessness, or indifference to the rights of another, would be a substitute for actual knowledge, or authorize its implication, need not be considered. . . ." (13 Ala. at 135)

However, we find here no evidence in this instance that the defendant-appellants willfully and knowingly, or recklessly, cut the trees of plaintiff-appellees. There is certainly no evidence that appellants intended to cut appellees' trees. The reliance upon a map of general use and notoriety in the county, even though out of date, without inspecting deeds and plats, indicates at best negligence on the part of defendant-appellants, but not of the magnitude sufficient to bring their actions within the statute. Accordingly, we hold that the learned trial judge erred in not granting the defendant-appellants' motion for directed verdict.

In view of the above, it is unnecessary to discuss other matters raised in appellants' brief.

The case is therefore due to be reversed.

Reversed and remanded.

WRIGHT, P. J., and BRADLEY, J., concur.

## ON REHEARING

HOLMES, Judge.

Able and distinguished counsel for appellees, in a well-reasoned brief supporting his application for rehearing, charges this court with ignoring the principle set forth in *Givens v. Kendrick*, 15 Ala. 648. For the following reasons, we do not agree.

 *Givens, supra,* stands for the proposition that if one intends to cut certain trees without their owner's consent, but mistakenly cuts trees owned by another, he is then liable for the penalty imposed by Tit. 47, § 272, Code of Ala.1940, to the owner of the trees he in fact cut. Learned counsel contends that it was defendant-appellants' task to prove that they had permission to cut the trees which they intended to cut. He further contends that their failure to do so renders *Givens, supra,* applicable here.

Such is not the case. Lack of consent to cut the trees which appellants intended to cut is an element of plaintiff-appellees' cause of action for the statutory penalty. Specifically, the statute requires that for a claimant to recover the statutory penalty the cutting must be done knowingly, willfully, and *without the consent of the owner.* To recover in this instance, under the *Givens* rationale, the requirements of the statute, to wit, lack of consent, must be proved by the party asserting the claim. The record does not reveal that such was proved. *Givens* accordingly does not apply in this instance.

Able counsel requests this court to order an affirmance conditioned upon a remittitur of damages over $2,500, inasmuch as ample evidence exists to support the jury's finding that the fair market value of the timber cut was $2,500 as prayed for in appellees' complaint. While we are not unsympathetic to counsel's request, which is based upon considerations of judicial economy and expense to the parties involved, we cannot issue such an order. As our original opinion points out, the evidence was conflicting as to the number of trees actually cut and their fair market value. It therefore cannot be ascertained how to apportion the $5,000 general verdict between compensatory damages and statutory penalty. Accordingly, the remittitur requested by counsel is too speculative to be granted.

Opinion extended. Application for rehearing overruled.

WRIGHT, P. J., and BRADLEY, J., concur.