HOUSTON, Justice
(dissenting).
Container Corporation of America (CCA) had a warranty deed to the property now in question; it assessed this property for ad valorem taxes and paid taxes on this property. CCA’s predecessor in title had had this property surveyed by a registered surveyor in 1976. The corners had been marked, and a line had been blazed and painted between the corners, before CCA purchased the property in 1979. Prior to CCA’s purchasing the property, its predecessor in title had cut the timber to the surveyed line. The fence which was ultimately determined to be the property line as a result of the adverse possession of *402 Mizell and his predecessors in title did not corner near the corner established and marked by the surveyor (458.08 feet south of the marked corner). The fence was dilapidated; it zigzaged back and forth; it was continuous in some places and it was just pieces of a fence at other places. There was no indication of the fence “establishing any ownership.” There were several fences which ran through CCA’s property. Mizell and his predecessor in title had no record title to the tract in dispute and did not assess this tract for ad valorem taxes or pay such taxes.
The statutes authorizing an action such as this under §§ 35-14-1 and 35-14-2, Code 1975, are regarded as penal in nature and as such are subject to a strict construction, and the requisite intent must be clearly shown before liability may be imposed. Clifton Iron Co. v. Curry, 108 Ala. 581, 18 So. 554 (1895). I do not find any evidence, nor can I draw any inferences from the evidence introduced, in this case, of the requisite intent, which must be clearly shown before statutory damages for destruction of trees can be assessed against a person who cuts down or injures certain varieties of trees on land not his own. It cannot be logically inferred from the evidence that CCA’s belief that the trees were on its property was “so patently unreasonable as to constitute a reckless disregard for the ownership of the trees.” Vick v. Tisdale, 56 Ala.App. 565, 324 So.2d 279 (1975).
I would affirm.
TORBERT, C.J., and SHORES, J., concur.