SMITH *v.* LUNDY.

(Division A.   April 27, 1936.)

[167 So. 631.   No. 32229.]

**Ford & Ford,** of Pascagoula, for appellant.

H. W. Gautier, of Pascagoula, for appellee.

McGowen, J., delivered the opinion of the court.

Appellant, a nonresident of this state, brought suit in the circuit court of Jackson county against appellee, seeking to recover actual damages and the statutory penalty, under the laws of Alabama, of ten dollars per tree for the cutting of pine trees on a small tract of land owned by her in Mobile county, Alabama.

There was a verdict and judgment for two hundred dollars in favor of the appellant against appellee, for the actual value of the trees cut, and the appellant, not being satisfied with this judgment, appeals here.

The appellee filed a plea in abatement alleging that the action was not transitory, was for the statutory penalty under the laws of Alabama, and that the statute relative thereto fixed the venue of this case in Mobile county, Alabama. A demurrer was filed to this plea, which demurrer was sustained by the court.

There were further pleas filed, in which it was admitted that Lundy had cut timber from the two and three-tenth acres involved in this case, but said that said timber and the land lines had been pointed out to him by his grantor, Simpson, and that since the institution of this suit, he had ascertained, by a survey, that the lands actually belonged to the appellant, and that he tendered payment for the actual value of the timber so cut. There were other pleas unnecessary to mention.

On the trial of the cause, the appellant testified as to her ownership of the land, and showed that the timber so cut was from her lands, and that while she brought suit for the timber cut on lots 1 and 2, she was only entitled to recover for the timber cut from a small tract, amounting to slightly more than two acres, as a part of

lot 1, south of the Scranton and Mobile road. She said there were many small pine trees, or saplings, on this tract, and that she especially desired this timber, as she wished to build a dwelling house upon said small tract of land.

The evidence shows that lot 1 is east of lot 2; that the south boundary of lot 2 is on the highway; and that as to lot 1 the major portion of it is north of the highway, but this small tract is south thereof. We do not speak accurately by the compass as to directions. The north part of lot 1 is fenced, and the small south part is unfenced with no marks, save a path on one side.

The appellant testified, as stated, that she owned the timber in controversy, and proved her title to the land on which said timber was located, and further testified that one Lutz, who looked after her land in this part of Alabama, found that the timber, on this two acres, was being cut; went to the scene, and notified the employees of Lundy to cease their operations and not cut any more timber. They did so and informed Lundy that Lutz claimed that the timber of the appellant was being cut. Lutz testified that on the following day Lundy visited him and made inquiry as to the trouble, and he then informed Lundy that the timber on this tract did not belong to appellee, and if Lundy persisted in cutting it "he would get his fingers burned."

The evidence varies, from one hundred sixty to two hundred fifty trees, or thereabout, as to the timber actually cut and removed from the land after this notice was served by Lutz. Lundy admits, by his plea, that he cut four hundred eighty-one small trees. Lundy's testimony shows that he purchased the timber on lot 15 and other timber. Lot 15 is south of the highway, and the west half of it, at the north boundary, abuts said highway and extends east along the highway; the west side of this small two-acre tract, and the east part of lot 15, abut the lower or southern edge of lot 1. He said that Simpson,

his grantor, accompanied him to the land, stepped it off, and sold to him the timber in controversy. He admits that Lutz ordered his hands to cease their operations; and that he cut a considerable number of trees after this notice, but denied that Lutz told him he would get his fingers burned. Lundy further testified that he told Lutz that he (Lundy) had seen Simpson, who said it was all right, and that Lutz then said to "go ahead and cut it if Simpson said it was all right." Lutz denied this statement.

Gordon Lundy, Jr., testified that Lutz told the appellee to go ahead and that he (meaning Lutz) had nothing to do with it if Simpson told appellee that it was all right, and that about half the timber had been cut at that time.

By the instructions given on behalf of the appellant, the jury was told that Lundy was liable for the actual value of all timber cut on the two acre lot, and that the appellant was entitled to recover the statutory penalty of ten dollars for each pine tree cut by Lundy after he received the notice, and that cutting the timber thereafter constituted trespass.

The court instructed the jury, for appellee, that if Lundy cut timber on the land in controversy in good faith, or through mistake and error, he was not liable for the statutory penalty, but only for the fair value of the timber cut. In another instruction given at the instance of Lundy, the jury were directed that they could not, unless they believed, from a preponderance of the evidence, that Lundy, wrongfully, without the consent, and *over the protest* of the plaintiff, or the authorized agent of the plaintiff, cut or removed the trees from plaintiff's land, return a verdict for the statutory penalty in this case, but could only return a verdict for the actual value of the timber cut and removed. In another instruction for Lundy, the jury was told that he was not liable unless such cutting was wrongfully done, without the consent, and *over the protest* of the owner of the land.

We are not deciding any question as to the jurisdiction of the court below, because the appellee, Lundy, does not cross-appeal; has filed no cross-assignment of errors, and is, apparently, satisfied with the judgment of the court below against him, as appears from his brief.

The law as to the statutory penalty is section 10371, Alabama Code of 1928, the applicable part of which, so far as this case is concerned, is as follows: "Any person who cuts down . . . any . . . pine . . . tree, or sampling . . . on land not his own, wilfully and knowingly, without the consent of the owner of the land, must pay to the owner ten dollars for every such tree or sapling." The Alabama court holds that this statute is highly penal and subject to strict construction, saying, in the case of Clifton Iron Co. v. Curry, 108 Ala. 581, 18 So. 554, 555, that: "No case shall be holden to be covered by it which does not fall naturally and without constraint within some fair and accepted definition of its words, in the light of its context."

Appellant contends that the court below erred in granting her a peremptory instruction, and then granting the instructions mentioned to the appellee. It is apparent that these instructions given to the appellee and appellant were directly conflicting. The jury was told, in effect, by the appellant's instructions that, as a matter of law, all the trees cut after Lutz gave Lundy the notice were cut in violation of the statute, and that Lundy was liable for ten dollars per tree for all the trees so cut by him.

We are of the opinion that the court below erred in granting the peremptory instruction for the appellant as to the statutory penalty, for the reason that the testimony of Lutz, on behalf of the appellant, and that of Lundy and his witnesses, was directly in conflict. According to Lutz, he had already warned and notified Lundy, through his employees engaged in the act of cutting the timber, that he was not on his own land, and on the following day

told Lundy, in person, that he would burn his fingers if he cut any more timber, and, on the other hand, Lundy and his witnesses testified that Lutz said to Lundy it was all right if Simpson said so. It is undisputed that Lundy acted upon Simpson having personally pointed out the line with reference to this particular land. Can it be said that Lundy did not act in an honest belief that he was cutting timber on the land pointed out to him by Simpson? In addition to that, we call attention to the fact that this small tract of two acres in controversy was unmarked, so far as a stranger was concerned; that lots 1 and 2 were alongside each other, and lot 2 was not south of the road, but lot 1 had this small tract south of the road, making lot 15, the timber on which Lundy had purchased, so irregular as to be very confusing.

We think the jury was warranted in finding, as it did, that Lundy's version of the conversations was correct, and if that was true, he was not liable for the statutory penalty, because he acted in the honest belief that his grantor, Simpson, had conveyed to him the right to cut the timber, after Lutz had withdrawn his claim that Lundy did not own it. Russell v. Irby, 13 Ala. 131; Williams v. Hendricks, 115 Ala. 277, 22 So. 439, 41 L. R. A. 650, 67 Am. St. Rep. 32; Postal Tel. Cable Company v. Lenoir, 107 Ala. 640, 18 So. 266; Glenn v. Adams, 129 Ala. 189, 29 So. 836.

The appellant further contends that the case should be reversed because, in the instructions granted to the appellee, the burden was put upon her to protest against the cutting. The word "protest" is defined by Webster's New International Dictionary, Second Edition, as follows: "Avowal, a protesting or remonstrating; expostulation, complaint, also an objection or remonstrance. A solemn disapproval of, or lack of full consent, as in writing against some action, proceeding, condition, or the like, formal or public remonstrance, as the office is open to receive protests, to pay a bill under protest."

The declaration alleged that the timber was cut over the protest of appellant. The evidence of Lutz, if believed, comes squarely within the definition of the word "protest."

We are therefore of the opinion that, while the instructions did not strictly conform to the statute, the jury was not misled thereby.

The court overruled the motion to have the jury correct its verdict, because it had not complied with the appellant's peremptory instruction, and also overruled the motion for a new trial.

We are also of the opinion that the error committed in this case was in appellant's favor, and, therefore, we cannot reverse the case. It was a question for the jury, on the conflict in the evidence of Lundy and Lutz, as to whether or not Lundy cut the timber, knowingly and willfully, without the consent of the owner.

Affirmed.